1  Nancy G. Ross (*Pro Hac Vice*)
   nross@mwe.com
2  John A. Litwinski (*Pro Hac Vice*)
   jlitwinski@mwe.com
3  McDERMOTT WILL & EMERY LLP
   227 West Monroe Street
4  Chicago, IL 60606-5096
   Telephone:  312.372.2000
5  Facsimile:  312.984.7700

6  Chris C. Scheithauer (State Bar No. 184798)
   cscheithauer@mwe.com
7  McDERMOTT WILL & EMERY LLP
   18191 Von Karman Avenue, Suite 500
8  Irvine, CA  92612-7108
   Telephone:  949.851.0633
9  Facsimile:  949.851.9348

10 Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NORTHROP GRUMMAN CORPORATION ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master File No. 06-CV-6213 MMM (JCx)<br><br>Declaration of Chris C. Scheithauer in Support of Defendants' Motion to Compel Payment by Plaintiffs for Document Production<br><br>DATE:    January 26, 2010<br>TIME:    9:30 a.m.<br>CTRM.:   20<br><br>[Courtroom of Magistrate Judge Jacqueline Chooljian]<br><br>[Notice of Motion and Joint Stipulation Pursuant to Rule 37 and filed separately herewith]<br><br>Discovery Cutoff:  Not set<br>Pretrial Conference:  Not set<br>Trial Date:  Not set |

Declaration of Chris C. Scheithauer in Support of
Motion to Compel Payment by Plaintiffs for                              CASE NO. 06-CV-06213 MMM (JCX)
Document Production

I, CHRIS C. SCHEITHAUER, declare:

1.  I am an attorney licensed to practice before all courts in California, including, but not limited to, the United States District Court, Central District of California, and am an attorney with the law firm of McDermott Will & Emery LLP, attorneys of record for the defendants in the above-entitled matter. If called as a witness, I could and would competently testify to the facts set forth below as I know each to be true based upon my own personal knowledge or upon my review of the records and files maintained by McDermott Will & Emery LLP in the regular course of its representation of defendants.

2.  On or about February 7, 2007, plaintiffs served discovery requests on defendants, including a First Set of Interrogatories and a First Set of Document Requests. Accompanying the discovery was a letter from plaintiffs' counsel, Elizabeth Hubertz, requesting that defendants produce responsive documents in certain formats. Ms. Hubertz specifically stated that at a minimum "we must have the documents in searchable pdf's (OCR-scanned), with the metadata preserved." Attached hereto as **Exhibit A** is a copy of Ms. Hubertz's February 7, 2007 letter.

3.  On or about March 12, 2007, defendants served their original Responses and Objections to Plaintiffs' First Request for Production of Documents. Attached hereto as **Exhibit B** are those responses, which I signed as the attorney for defendants.

4.  In responding to plaintiffs' document requests, defendants objected on the grounds that plaintiffs' requests were overbroad and included documents irrelevant to plaintiffs' claims. The requests were not narrowly tailored but instead sought virtually everything relating to the ERISA plans at issue, thereby requiring the production of literally hundreds of thousands of pages of documents and correspondence, much of which defendants contend was not reasonably calculated to lead to the discovery of admissible evidence. It was, and still is, defendants' position that the overbroad nature of the requests required the production of

Declaration of Chris C. Scheithauer in Support of
Motion to Compel Payment by Plaintiffs for          1          CASE NO. 06-CV-06213 MMM (JCX)
Document Production

1  unnecessary documents and was wasteful discovery, at best. The cost of searching
2  files, electronic databases and backup tapes for the material demanded by plaintiffs,
3  which required the assistance of both defendants' internal IT Services and outside
4  vendors, was extraordinarily high. The costs was further increased by plaintiffs'
5  demand that the documents be copied in searchable pdfs (OCR-scanned) with
6  metadata preserved.

7      5.    In their written responses, defendants objected to plaintiffs' document
8  requests because of the undue burden and cost in complying, particularly given the
9  vast amount of documents in electronic form. Nevertheless, agreed to produce
10 documents with the understanding that plaintiffs would reimburse defendants for
11 such costs. Defendants wrote in their responses that they would not produce
12 documents until certain items were resolved, including "an agreement that plaintiffs
13 will compensate defendants for the high cost of producing documents responsive to
14 the request."[1]

15     6.    Following plaintiffs' receipt of defendants' responses and objections to
16 the document requests, counsel for plaintiffs and defendants engaged in a meet and
17 confer process, both in writing and verbally, which lasted over a period of months.
18 On numerous occasions, I explained to plaintiffs' counsel, Kathy Wisniewski, that
19 the cost of locating the responsive documents, copying them to the format
20 demanded by plaintiffs, and then producing them was expected to be
21 extraordinarily high (hundreds of thousands of dollars) and defendants should not
22 be required to shoulder that burden exclusively. I pointed out to Ms. Wisniewski
23 that Rule 26(b)(2)(B) and 26(c) of the Federal Rules of Civil Procedure, in fact,
24 contemplate cost shifting under such circumstances. I indicated to Ms. Wisniewski
25 that defendants were prepared to seek a protective order if the parties could not

---

[1] There was also an issue of a stipulated protective order governing the handling of confidential information (such as financial information of ERISA plan participants, among other things). That issue was resolved by way of a stipulated order and is not relevant here.

Declaration of Chris C. Scheithauer in Support of
Motion to Compel Payment by Plaintiffs for     2     CASE NO. 06-CV-06213 R (JCX)
Document Production

1  reach an agreement. One of these telephone conversations took place on June 18,
2  2007. During our conversation on June 18, 2007, Ms. Wisniewski stated that
3  plaintiffs may be amenable to paying for the production costs. Ms. Wisniewski
4  promised to discuss the cost-sharing issue with her co-counsel and get back to me
5  and that it was likely that plaintiffs would agreed to pay for the production. She
6  indicated that she would follow up, hopefully within a week or two, with a more
7  definitive response and with a detailed meet and confer letter to address other
8  discovery-related issues.

9        7.    Ms. Wisniewski sent a letter addressed to my partner, Nancy Ross,
10  dated June 25, 2007, and copying all counsel, which confirmed plaintiffs'
11  agreement to reimburse defendants for the production costs. I received a copy of
12  Ms. Wisniewski's letter, which purported to address various issues concerning
13  defendants' prior discovery responses, including the document responses. Ms.
14  Wisniewski reiterated her prior concerns on various topics and also addressed
15  defendants' objections to the high cost of complying with the production requests.
16  Within that letter Ms. Wisniewski formally conveyed plaintiffs' agreement to pay
17  for defendants' costs in complying with the production requests. Specifically, on
18  pages 1 and 2 of her letter, Ms. Wisniewski states as follows:

19      "To the extent that Defendants are withholding production due to
20      awaiting an agreement to pay costs, Plaintiffs state that they will, in
21      accordance with local practice, pay the reasonable and necessary copy
22      costs associated with the production of any documents sought in their
23      discovery requests."

24  A copy of Ms. Wisniewski's June 25, 2007 letter is attached hereto as **Exhibit C**.

25        8.    On June 29, 2007, I held a conversation with Ms. Wisniewski
26  confirming that defendants would begin a rolling production of documents. Ms.
27  Wisniewski again confirmed that plaintiffs were willing to pay for the production
28  and that plaintiffs understood that in light of the large volume of documents that a

Declaration of Chris C. Scheithauer in Support of
Motion to Compel Payment by Plaintiffs for     3     CASE NO. 06-CV-06213 R (JCX)
Document Production

1 rolling production was appropriate and that defendants would submit invoices to
2 plaintiffs when the rolling production was substantially completed.

3       9.    In reliance on Ms. Wisniewski's promise that plaintiffs would pay the
4 costs associated with defendants' document production, on June 6, 2007,
5 defendants began a rolling production of documents as they were located,
6 processed, and converted to the format demanded by plaintiffs. Attached hereto as
7 **Exhibit D** is a cover letter, dated July 6, 2007, that accompanied that first
8 production by defendants.

9       10.    To date, defendants have produced close to 900,000 bates-numbered
10 documents, most of which are in the pdf searchable format (OCR-scanned) as
11 plaintiffs had requested.

12       11.    On December 7, 2007, I sent Ms. Wisniewski a letter outlining
13 defendants' request for reimbursement of document production costs per the
14 parties' agreement. The letter was sent both by e-mail and overnight mail. In my
15 letter, I noted that, in the spirit of cooperation, defendants were not seeking
16 reimbursement for the internal costs incurred by Northrop Grumman in connection
17 with the production. Rather, defendants were only submitting invoices to plaintiffs
18 for external costs incurred in copying the documents for production to plaintiffs in
19 the format requested. Enclosed with my letter were various third-party invoices in
20 the total amount of $214,695.41. Attached hereto as **Exhibit E** is a copy of my
21 December 7, 2007 letter (including e-mail cover page and proof of FEDEX
22 overnight delivery), as well as the accompanying invoices.

23       12.    Following receipt of my letter, Ms. Wisniewski contacted me and
24 stated that "Needless to say Chris, you will not be getting a check from us."
25 Plaintiffs then reversed course and stated that they were under no obligation to
26 reimburse defendants for the cost of complying with plaintiffs' document requests.
27 I engaged in a meet and confer process with Ms. Wisniewski, but she indicated that
28 plaintiffs would not, under any circumstances, pay for any of defendants'

McDermott Will & Emery LLP
Attorneys At Law
Orange County

production costs. I repeatedly pointed out to Ms. Wisniewski that plaintiffs had previously promised both in writing and verbally to pay for such costs. Ms. Wisniewski indicated that she had discussed the matter with her Firm's lead partner, Jerry Schlicter, and the decision was that plaintiffs would "not pay even one dime" of defendants' costs. At that time, the Ninth Circuit had imposed a stay on the district court proceedings as a result of plaintiffs' interlocutory appeal of Judge Real's denial of class certification. Accordingly, I informed Ms. Wisniewski that once the stay was lifted defendants would proceed with a motion to compel seeking to recover the costs that plaintiffs had originally promised to pay. Following our conversation, Ms. Wisniewski left plaintiffs' counsel's law firm in early February 2008.

13. Following the remand of the case to the district court from the Ninth Circuit, I spoke to plaintiffs' new counsel at the same firm, Nelson G. Wolff, about the lingering issue of plaintiffs' promise to pay for the cost of defendants' production and my prior discussions with his former partner, Ms. Wisniewski. I spoke to Mr. Wolff by telephone on November 24, 2009 about these issues.

14. During our November 24, 2009 conversation, Mr. Wolff inquired whether defendants had completed their document production. I indicated that defendants had completed most of the production, but there were some additional documents that were located in the intervening two years of the Ninth Circuit appeal that defendants were prepared to produce. Plaintiffs demanded the immediate production of those additional documents. I indicated, however, that defendants felt that before such supplemental production should occur, that plaintiffs should comply with their prior promise to reimburse defendants for the cost of the prior production. Mr. Wolff denied any such prior agreement.

15. Thereafter, Mr. Wolff sent me and my partner, Nancy Ross, a correspondence purporting to confirm our telephone conversation. Within such correspondence, Mr. Wolff again expressly denied any prior agreement. Mr. Wolff

Declaration of Chris C. Scheithauer in Support of
Motion to Compel Payment by Plaintiffs for          5                    CASE NO. 06-CV-06213 R (JCX)
Document Production

1   also expressly denied that his firm had received any invoices or other
2   documentation concerning the cost of the production.  Attached hereto as **Exhibit F**
3   is a copy of Mr. Wolff's November 24, 2009.

4       16.    In another effort to meet and confer on these issues, I sent Mr. Wolff a
5   December 2, 2009 correspondence responding to his letter.  In my letter, I
6   recounted my prior dealings with Ms. Wisniewski, including plaintiffs' prior
7   written agreement to pay for defendants production costs and a description of the
8   production-related invoices that were previously sent to plaintiffs' counsel.
9   Attached hereto as **Exhibit G** is a copy of my December 2, 2009 letter to Mr.
10  Wolff.  Notwithstanding my attempt to clear up Mr. Wolff's confusion on his
11  firm's prior agreement, plaintiffs still refuse to pay for defendants' production costs
12  as previously agreed, thereby necessitating this motion.

13      I declare under penalty of perjury under the laws of the United States of
14  America that the foregoing is true and correct and that this Declaration was
15  executed this 31st day of December, 2009, in Irvine, California.

16                                      /s/  Chris C. Scheithauer
17                                      CHRIS C. SCHEITHAUER

ORC 473148-1.071494.0013

McDermott Will & Emery LLP
Attorneys At Law
Orange County

Declaration of Chris C. Scheithauer in Support of Motion to Compel Payment by Plaintiffs for Document Production

6

CASE NO. 06-CV-06213 R (JCX)