1  JEROME J. SCHLICHTER (SBN 054513)
   jschlichter@uselaws.com
2  NELSON G. WOLFF (admitted *pro hac vice*)
   nwolff@uselaws.com
3  JASON P. KELLY (admitted *pro hac vice*)
   jkelly@uselaws.com
4  SCHLICHTER, BOGARD & DENTON
   100 South Fourth Street, Suite 900
5  St. Louis, MO 63102
   Telephone: (314) 621-6115
6  Facsimile: (314) 621-7151

7  *Lead Counsel for Plaintiffs*

8  WILLIAM A. WHITE (SBN 121681)
   wwhite@hillfarrer.com
9  HILL, FARRER & BURRILL LLP
   One California Plaza, 37th Floor
10 300 South Grand Avenue
   Los Angeles, CA 90071-3147
11 Telephone: (213) 620-0460
   Facsimile: (213) 620-4840
12
   *Local Counsel for Plaintiffs*
13

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NORTHROP GRUMMAN CORPORATION ERISA LITIGATION | Master File No. 06-CV-06213 |
| THIS DOCUMENT RELATES TO: Case No. 2:06-cv-06213 MMM(JCx) | **DECLARATION OF NELSON G. WOLFF** |
| GRABEK, *et al.*, Plaintiffs, v. NORTHROP GRUMMAN CORPORATION, *et al.*, Defendants. | Magistrate Judge: Hon. Jacqueline Chooljian |

# DECLARATION OF NELSON G. WOLFF

I, Nelson G. Wolff, of lawful age, declare as follows:

1. I am an attorney of law duly licensed to practice in all Courts of the States of Illinois and Missouri.

2. I am admitted *pro hac vice* in the above referenced matter.

3. On February 7, 2007, Plaintiffs served on Defendants requests for production and interrogatories. Plaintiffs' First Set of Requests for Production to Defendants, attached hereto as Exhibit 1. Plaintiffs' First Set of Interrogatories to Defendants, attached hereto as Exhibit 2.

4. On June 25, 2007, Plaintiffs officially responded to Defendants' objections regarding costs. Plaintiffs' letter is attached to the Declaration of Christopher C. Scheithauer ("Scheithauer Decl."), as Exhibit C.

5. In Defendants' Supplemental Responses to Plaintiffs' First Set of Requests for Production to Defendants, they make a reference to an agreement to pay for copy costs in multiple responses to requests, but fail to do so to requests 1, 5, 6, 19, 20, 22, 23, 25, 27, 28, 31, 32 and 33. Yet, Defendants request costs associated with every document produced to Plaintiffs, including those not onerous to find and even documents not produced to Plaintiffs at all. Defendants' Supplemental Responses to Plaintiffs' First Set of Requests for Production to Defendants, attached hereto as Exhibit 3.

6. On December 7, 2007, Plaintiffs received a letter from Defendants requesting $214,695.41 for the payment of invoices from Defendants' third party vendors for services relating to document production. Defendants' letter is attached to the Scheithauer Decl., as Exhibit E.

7. The invoices attached to Defendants' December 7, 2007 letter included charges for vast, unauthorized production costs associated with over 1 million pages of documents.

8. Upon receipt of Defendants' December 7, 2007 letter, Plaintiffs refused to pay the amount requested by Defendants. In response, Plaintiffs requested Defendants provide information as to (1) when they "followed up" with Plaintiffs to identify the specific documents they were withholding due to an onerous search; (2) when Defendants provided a cost estimate; (3) when Defendants provided an opportunity to review the documents and copy only the necessary ones; (4) when Defendants offered an opportunity to secure a separate vendor as outlined in Plaintiffs' February 7, 2007 letter; and (5) when Plaintiffs agreed to pay for any costs beyond "copy costs." Attached hereto as Exhibit 4 are the email communications between Plaintiffs and Defendants occurring between December 7, 2007 and December 13, 2007. Specific subsections have been labeled Parts A – E. Defendants refused to provide the requested information at the time.

9. Defendants ignored Plaintiffs' most recent request for the same information. It is this information that was once again requested by Plaintiffs in their November 24, 2009 letter. Plaintiffs' letter is attached to the Scheithauer Decl., as Exhibit F.

10. Plaintiffs have never received documents with a bates range of MIN00000001-MIN00004230. Likewise, Plaintiffs have never received the DVDs mentioned in Invoices IY022228A, ED0228640, and IL0231184, nor the printed blowbacks mentioned in Invoice DC0230155. Invoices are attached to Scheithauer Decl., as part of Exhibit E.

-2-

DECLARATION OF NELSON G. WOLFF

11. In their June 25, 2007 letter, Plaintiffs pointed out to Defendants the inconsistency that documents were both burdensome and easily accessible to Plaintiffs. This put Defendants on notice that not all documents could be considered onerous and subject to Plaintiffs' offer.

12. On June 13, 2007, Defendants served their Requests for Production of Documents (Set One).

13. On July 16, 2007 in response to Defendants' Request for Production No. 1, Plaintiffs stated they "will produce responsive documents in [their] possession, subject to an agreement to pay the costs associated with such production."

14. Defendants' August 24, 2007 reply letter argued that Plaintiffs should bear the costs of producing documents in response to Defendants' Request for Production No. 1. Defendants' August 24, 2007 reply letter, attached hereto as Exhibit 5.

15. A July 25, 2007 email from Defendants' counsel Christopher Scheithauer made reference to documents being delayed because of the absence of an in-house information technology individual who is responsible for getting documents "properly imaged, bates numbered and out to you." Defendants' July 25, 2007 email, attached hereto as Exhibit 6.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 31, 2009.

_Nelson G. Wolff_

-3-

**DECLARATION OF NELSON G. WOLFF**