| | |
|---|---|
| 1 | Nancy G. Ross (*Pro Hac Vice*) |
| | nross@mwe.com |
| 2 | John A. Litwinski (*Pro Hac Vice*) |
| | jlitwinski@mwe.com |
| 3 | McDERMOTT WILL & EMERY LLP |
| | 227 West Monroe Street |
| 4 | Chicago, IL  60606-5096 |
| | Telephone:  312.372.2000 |
| 5 | Facsimile:  312.984.7700 |
| | |
| 6 | Chris C. Scheithauer (State Bar No. 184798) |
| | cscheithauer@mwe.com |
| 7 | McDERMOTT WILL & EMERY LLP |
| | 18191 Von Karman Avenue, Suite 500 |
| 8 | Irvine, CA  92612-7108 |
| | Telephone:  949.851.0633 |
| 9 | Facsimile:  949.851.9348 |
| 10 | *Attorneys for Defendants* |
| 11 | [Additional counsel listed on signature page] |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NORTHROP GRUMMAN CORPORATION ERISA LITIGATION | Master File No. 06-CV-6213 MMM (JCx) |
| | Joint Stipulation For Order To Produce Documents Pursuant to Fiduciary Exception To Attorney-Client Privilege As Directed By The Court's June 8th Order [Docket No. 237] |
| THIS DOCUMENT RELATES TO: | |
| All Actions | [Courtroom of Magistrate Judge Jacqueline Chooljian] |
| | Discovery Cutoff:  Aug. 27, 2010 |
| | Pretrial Conference:  Dec. 13, 2010 |
| | Trial Date:  Jan. 11, 2011 |

Pending before this Court are two motions filed by plaintiffs (Dockets Nos. 194 and 218) to compel the production of documents and which are set for hearing on June 29, 2010 at 9:30 a.m. before the Honorable Jacqueline Chooljian.[1]  Both motions seek resolution as to whether documents involving the attorney-client privilege must be produced to the plaintiffs under the "fiduciary exception" to the attorney-client privilege which the Ninth Circuit has found to apply in certain ERISA lawsuits.

Plaintiffs and defendants both agree that the fiduciary exception recognized within the Ninth Circuit applies to certain documents at issue on plaintiffs' motions. On June 8, 2010, Judge Choolijian directed the parties to meet and confer forthwith and submit a proposed stipulation to the Court which identifies the documents defendants agree fall within the fiduciary exception.  Docket No. 237.

Defendants have reviewed the documents at issue in the two motions to compel and have provided their view as to which documents may arguably fall within the fiduciary exception.  Pursuant to Item 5 in the Court's June 8, 2010 Order (Docket No. 237), the parties submit a log, attached here as Exhibit A, which identifies the documents and information that defendants agree fall within the fiduciary exception.  Because of defendants' concern regarding potential waiver of the attorney-client privilege in producing such documents and information, the parties seek an order from this Court stating that: (1) the fiduciary exception applicable in certain ERISA lawsuits applies to the material identified on Exhibit A hereto, and (2) the material identified on Exhibit A hereto should be produced by defendants and that in so doing there shall be no waiver of the attorney-client privilege associated with these particular materials.

---

[1] Docket Number 194 was originally set for hearing on June 15, 2010, but was reset pursuant to the Court's June 8, 2010 Order.

Accordingly, pursuant to Item 5 in the Court's June 8, 2010 Order (Docket No. 237) plaintiffs and defendants stipulate that entry of the following Order is appropriate:

1. The judicially recognized fiduciary exception to the attorney-client privilege applicable to certain legal advice regarding employee benefit plans applies to the materials on Exhibit A hereto that defendants have agreed to produce, and therefore;

2. The materials identified on Exhibit A hereto shall be produced by defendants and such production and disclosure of such legal advice in this lawsuit shall not under any circumstances operate as a waiver of the attorney-client privilege in this or in any other lawsuit or dispute.

Dated:   June 11, 2010

McDERMOTT WILL & EMERY LLP  
Nancy G. Ross  
Chris C. Scheithauer  

By: /s/ Chris C. Scheithauer  
     Chris C. Scheithauer

*Attorneys for Defendants*

Dated:   June 11, 2010

SCHLICHTER, BOGARD & DENTON  
Jerome J. Schlichter  
Nelson G. Wolff  
Jason P. Kelly  

By: /s/ Nelson G. Wolff  
     Nelson G. Wolff

*Attorneys for Plaintiffs*

DM_US 25655862-2.071494.0013

# CERTIFICATE OF SERVICE

I certify that on June 11, 2010, I electronically filed **Joint Stipulation for Order to Produce Documents Pursuant to Fiduciary Exception to Attorney-Client Privilege as Directed by the Court's June 8th Order [Docket No. 237]** with the Clerk of the Court for the United States District Court, Central District of California, by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have sent the foregoing documents by electronic mail to the following non-CM/ECF participants:

| Jay E. Sushelsky, Esq. | Stephen J. Fearon, Jr., Esq. |
|---|---|
| AARP FOUNDATION LITIGATION | SQUITIERI & FEARON LLP |
| 601 E. Street, NW | 32 East, 57th Street, 12th Floor |
| Washington, DC 20049 | New York, New York 10022 |

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of McDermott, Will & Emery for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY FACSIMILE) The above-referenced document was transmitted by facsimile transmission to the parties described above; the transmission was reported as completed and without error.

☒ (BY ELECTRONIC MAIL) I caused document to be transmitted electronically to _____. Each e-mail delivery was reported as complete and without error. A delivery receipt was properly issued for each interested party.

☒ (FEDERAL) I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on June 11, 2010, at Irvine, California.

/s/ Chris C. Scheithauer