Nancy G. Ross (*Pro Hac Vice*)
nross@mwe.com
John A. Litwinski (*Pro Hac Vice*)
jlitwinski@mwe.com
McDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL  60606-5096
Telephone:  312.372.2000
Facsimile:  312.984.7700

Chris C. Scheithauer (State Bar No. 184798)
cscheithauer@mwe.com
McDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 500
Irvine, CA  92612-7108
Telephone:  949.851.0633
Facsimile:  949.851.9348

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NORTHROP GRUMMAN CORPORATION ERISA LITIGATION | Master File No. 06-CV-6213 MMM (JCx) |
| | Defendants' Supplemental Memorandum In Opposition To Plaintiffs' Motion to Compel Production (Docket # 218) |
| THIS DOCUMENT RELATES TO: | DATE:      June 29, 2010 |
| All Actions | TIME:      9:30 a.m. |
| | CTRM.:    20 |
| | [Courtroom of Magistrate Judge Jacqueline Chooljian] |
| | Discovery Cutoff:  Aug. 27, 2010 |
| | Pretrial Conference:  Dec. 13, 2010 |
| | Trial Date: Jan. 11, 2011 |

I.      **INTRODUCTION**

Defendants have spent many hours carefully reviewing privilege logs and the respective documents to identify those which even arguably may be deemed to fall within the fiduciary exception to the attorney-client privilege recognized by courts in certain ERISA cases.  The fruit of defendants' labor was the recent stipulated Order (Docket No. 241) whereby defendants agreed to produce hundreds of otherwise privileged documents pursuant to the fiduciary exception and without any waiver of the privilege.  Thus, the parties have resolved the majority of documents at issue.  Pursuant to the Court's June 8, 2010 Order, defendants are separately filing a Supplemental Declaration of Chris C. Scheithauer which attaches revised schedules reflecting the documents from Privilege Logs 1-5 which plaintiffs continue to challenge and which remain in dispute.

Defendants maintain that the remaining documents on the revised schedules should not be produced because they reflect one or more of the following: (a) legal advice given, not for the plan participants' benefit, but, rather, for the benefit of the plan sponsor, trustee or fiduciaries; (b) attorney-client communications about designing, amending or changing a plan; (c) individual participant inquiries, complaints or claims; (d) information not relevant or not responsive to plaintiffs' document requests; (e) documents concerning ERISA plans other than the two at issue in this case; (f) involve work product about this or another lawsuit or anticipated litigation; or (g) otherwise contain privileged material to which plaintiffs are not entitled.

II.     **ARGUMENT**

    A.      **The Fiduciary Exception Does Not Entitle Plaintiffs To Documents Which Contain Legal Advice Not Intended For General Plan Administration**

The documents remaining in dispute that plaintiffs challenge pursuant to the fiduciary exception do not fall into that limited exception to the attorney-client privilege.  In analyzing the documents, defendants have exhaustively applied the

1   tests set forth in <u>United States v. Mett</u>, 178 F.3d 1058 (9th Cir. 1999) and <u>Fischel v.</u>

2   <u>The Equitable Life Assurance Society</u>, 191 F.R.D. 606 (N.D. Cal. 2000).

3   Documents originally listed on the privilege logs that arguably meet the standards

4   set forth in <u>Mett</u> and <u>Fischel</u> as falling under the fiduciary exception are being

5   produced pursuant to the parties' stipulated Order (Docket No. 241).  The revised

6   schedules reflecting the remaining documents in dispute submitted by defendants

7   pursuant to this Court's Order, contain a notation in the far right column explaining

8   why the plaintiffs are not entitled to the privileged documents.[1]  <u>See</u> Supplemental

9   Scheithauer Declaration, Exhs. A-E.

10        For example, First Privilege Log Document ID 8 is a document that provides

11   advice to fiduciaries as to their *own* legal responsibilities and is intended to help

12   fiduciaries protect themselves from exposure.  It is therefore protected from

13   disclosure pursuant to the Ninth Circuit analysis in <u>Mett</u>.  178 F.3d at 1065-1066

14   (the fiduciary exception does not apply to attorney-client communications where a

15   fiduciary obtains advice for his or her own protection about how to run the plan).

16   Similarly, the revised schedules contain entries for other documents demonstrating

17   the various reasons why the documents do not fall into the fiduciary exception

18   under the rationale outlined in <u>Mett</u> and <u>Fischel</u>.  <u>See</u> Supplemental Scheithauer

19   Decl., Exhs. A-E (noting defendants' position concerning why each document

20   should not be produced, including "advice to fiduciaries," "plan

21   changes/amendments," "advice on company/trustee liability," "Company/fiduciary

22   advice in litigation," and "individual participant inquiries, complaints and claims)."

---

24   [1] Some of the notations detail reasons other than those relevant to the fiduciary
25   exception.  For example, Fourth Privilege Log Document ID 140 is a document
     related to "other plans" than the two plans at issue here.  As noted <u>supra</u>, those
     documents are not relevant nor responsive to the issues in this case.  Moreover, the
26   fiduciary exception cannot apply to documents relating to plans other than the ones
     in which the plaintiffs participated because plaintiffs cannot logically assert that the
27   advice was for their benefit.  <u>See Mett</u>, 178 F.3d at 1063 (it is the plan beneficiaries
     themselves that are able to assert the fiduciary exception where the advice was
28   given in connection with plan administration for plans in which they participated).

**B.      Only Material Relating To The Two Plans At Issue Should Be Produced And Redactions Are Appropriate for Documents Containing Non-responsive And Irrelevant Information About Other Plans**

Surprisingly, plaintiffs are claiming entitlement to documents which have nothing to do with the two plans at issue in this lawsuit.  As explained below, numerous courts have already rejected these same plaintiffs' counsel same demands in other cases.

Plaintiffs' claims in this lawsuit relate exclusively to two 401(k)-type defined contribution[2] ERISA plans sponsored by Northrop – the Northrop Grumman Savings Plan ("NGSP")[3] and the Financial Security and Savings Program ("FSSP"). Through the years, Northrop has sponsored dozens of other ERISA plans, including medical, dental, pension and disability plans.  Some of the documents that remain in dispute relate either entirely or partially to ERISA plans other than the two at issue here.  See, e.g., Fourth Privilege Log Document ID 140 (advice provided regarding the Comptek Research Retirement Plan and how Ameriprise may respond with new platform).  In such cases, defendants' logs reflect that the document is not being produced because it is neither responsive to plaintiffs' requests nor relevant.[4] Notably, documents relating to the administration and details of other plans were not requested by plaintiffs in the requests giving rise to this motion.  See Exh. A to Scheithauer Decl. (Docket No. 221-1) (only seeking documents relating to "the Plans" which plaintiffs define as "both the NGS Plan and the FSS Plan").

Multiple courts have already rejected similar demands by plaintiffs' same counsel, holding that material pertaining to other benefit plans is not relevant, need

---

[2] As opposed to a defined benefit plan.

[3] The NGSP was formerly known as the Savings Investment Plan ("SIP") which is used interchangeably in defendants' privilege logs.

[4] In some instances, the document remaining in dispute contains information concerning other plans, as well as the two at issue.  In such instances, defendants have agreed to produce the material relating to the NGSP and the FSSP, but have redacted material concerning other plans.  See, e.g., Third Privilege Log Document ID 33 (redacting material relating to Comptek, Amerherts, Avondale, and other plans not at issue in this lawsuit).

1  not be produced, and is properly redacted to the extent that it is included in

2  otherwise responsive documents.  See, e.g., the February 27, 2009 order in Abbott

3  v. Lockheed Martin Corp., Case No. 06-cv-0701 (S.D. Ill.) denying a similar

4  motion to compel, is attached hereto as **Exhibit A** ("Lockheed Order).  In denying

5  plaintiffs' motion, the court held that "documents relating to Defendants' defined

6  benefit plans are not relevant to the plans at issue here" and approved of the use of

7  redactions, as defendants have done here, to eliminate information concerning other

8  plans (such as the pension plan) from documents produced.  See Lockheed Order at

9  p. 4 ("redaction is a proper method" for eliminating non-relevant information

10  concerning other plans not the subject of the lawsuit); see also Id. at 5 ("This Court

11  concludes that the redaction of information regarding the defined benefit plans is

12  acceptable because the information is not relevant to the issues in this case and not

13  reasonably calculated to lead to the discovery of admissible evidence.").

14      Similarly, in Beesley v. International Paper Company, Case No. 06-703 (S.D.

15  Ill.), also a case by these plaintiffs' attorneys challenging ERISA plan fees, the

16  court rejected plaintiffs' motions to compel unredacted documents reflecting

17  information about other plans finding that such information was properly redacted

18  because the lawsuit alleged claims only against the 401(k) plan.  See International

19  Paper Order at 1-2 ("The previous motion was denied because the redacted

20  documents related to plans that were not at issue" and denying the second motion

21  on the same grounds).  A copy of the June 3, 2008 International Paper Order is

22  attached hereto as **Exhibit B**.

23      Again, the same conclusion was reached in Spano v. The Boeing Company,

24  Case No. 06-00743 (S.D. Ill.), another case brought by plaintiffs' counsel

25  challenging 401(k) plan fees, where the court denied the plaintiffs' motion to

26  compel material about benefit plans not at issue in the lawsuit.  A copy of the

27  Boeing court's Order is attached hereto as **Exhibit C**.  As in Lockheed and

28  International Paper, the Boeing court expressly approved of the use of redactions to

eliminate information concerning other company-sponsored plans that were not the subject of the existing complaint.  <u>See</u> Boeing Order at p. 4-5 ("the Court concludes that the redaction of information on plans other than the VIP [401(k) plan] was acceptable because that information is not relevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence.").

The Court should follow the lead of those cases and reject attempts to obtain information not relevant to the lawsuit at hand (and which was not requested by plaintiffs).  Defendants have produced the relevant information relating to the two 401(k) plans at issue and which are responsive to plaintiffs' document requests.  At the same time, defendants have properly withheld privileged documents concerning benefit plans not at issue or which is otherwise not responsive.

## III.   <u>CONCLUSION</u>

Pursuant to the stipulated Order (Docket No. 241), defendants have agreed to produce hundreds of documents from the original privilege logs in question under the limited fiduciary exception to the attorney-client privilege, thereby resolving in large part plaintiffs' motion to compel.  The remainder of plaintiffs' motion seeking to compel the production of privileged and unredacted non-responsive documents should be denied.

Dated:    June 15, 2010             McDERMOTT WILL & EMERY LLP
                                    Nancy G. Ross
                                    Chris C. Scheithauer


                                    By: /s/ Chris C. Scheithauer
                                        Chris C. Scheithauer
                                        *Attorneys for Defendants*

DM_US 25675594-1.071494.0013

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 15, 2010, I electronically filed **Defendants'**

**Supplemental Memorandum in Opposition to Plaintiffs' Motion to Compel**

**Production (Docket # 218)** with the Clerk of the Court for the United States

District Court, Central District of California, by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the

CM/ECF system.

I further certify that some of the participants in the case are not registered

CM/ECF users.  I have sent the foregoing documents by electronic mail to the

following non-CM/ECF participants:

Jay E. Sushelsky, Esq.                    Stephen J. Fearon, Jr., Esq.
AARP FOUNDATION LITIGATION                SQUITIERI & FEARON LLP
601 E. Street, NW                         32 East, 57th Street, 12th Floor
Washington, DC 20049                      New York, New York 10022

☐   (BY MAIL)  I caused each such envelope, with postage thereon fully
     prepaid, to be placed in the United States mail at Irvine, California.  I am
     readily familiar with the practice of McDermott, Will & Emery for collection
     and processing of correspondence for mailing, said practice being that in the
     ordinary course of business, mail is deposited in the United States Postal
     Service the same day as it is placed for collection.

☐   (BY FACSIMILE)  The above-referenced document was transmitted by
     facsimile transmission to the parties described above; the transmission was
     reported as completed and without error.

☒   (BY ELECTRONIC MAIL)  I caused document to be transmitted
     electronically to
     _____.  Each e-mail delivery was reported as
     complete and without error.  A delivery receipt was properly issued for each
     interested party.

☒   (FEDERAL)  I declare under penalty of perjury under the laws of the United
     States that the above is true and correct.

Executed on June 15, 2010, at Irvine, California.

/s/ Chris C. Scheithauer