JEROME J. SCHLICHTER (SBN 054513)
jschlichter@uselaws.com
NELSON G. WOLFF (admitted *pro hac vice*)
nwolff@uselaws.com
JASON P. KELLY (admitted *pro hac vice*)
jkelly@uselaws.com
SCHLICHTER, BOGARD & DENTON
100 South Fourth Street, Suite 900
St. Louis, MO 63102
Telephone:  (314) 621-6115
Facsimile:  (314) 621-7151

*Interim Lead Counsel for All Plaintiffs*

WILLIAM A. WHITE (SBN 121681)
wwhite@hillfarrer.com
HILL, FARRER & BURRILL LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Facsimile:  (213) 620-4840

*Local Counsel for Grabek Plaintiffs*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NORTHROP GRUMMAN CORPORATION ERISA LITIGATION.<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master File No. 06-CV-6213 MMM (JCx)<br><br>**JOINT STATUS REPORT PER THE COURT'S JUNE 8, 2010 ORDER (DOC. 237)**<br><br>DATE:      June 29, 2010<br>TIME:      9:30 a.m.<br>CTRM:     20<br><br>Mag. Judge: Hon. Jacqueline Chooljian<br><br>Discovery Cut-Off:   August 27, 2010<br>Final Pretrial Conf:  December 13, 2010<br>Trial Date:              January 11, 2011 |

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

-1 -

**I. <u>Introduction</u>**

As ordered by the Court (Doc. 237), the Parties met and conferred regarding the sampling protocol. The Parties conferred telephonically and by email on June 9, June 11, and June 15-18.

**II. <u>Documents Remaining In Dispute.</u>**

Although the number of documents remaining at issue was greatly limited by the meet and confer process, disputes still remain as to several documents. *See* Docs. 245, 246, 250, and 252.

**III. <u>Use of a Special Master</u>**

The Parties agree that a special master is not necessary to resolve the remaining disputes, nor do they believe it would be efficient for the Court to so order given the time period remaining for discovery.

**IV. <u>Sampling Protocol</u>**

The Parties have agreed to the following protocol should the Court decide that the remaining disputes warrant an *in camera* review.

**A.** The Parties agree that each Party may choose up to three (3) documents from the Court selected categories to submit as samples to the Court for review *in camera*.

**B.** A joint list of the Parties' chosen sample documents will be submitted to the Court at a time and date of the Court's choosing.

**C.** Within 24 hours of the submission of the parties' joint list of chosen documents to the Court, or the first business day thereafter, the Defendants will deliver the documents to the Court under seal and otherwise in the manner prescribed by the Court.

The parties have met and conferred regarding the categories to be submitted to the Court. Despite their efforts, the Parties have failed to reach an agreement on the categories that should be reviewed by the Court.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**JOINT STATUS REPORT**

**Plaintiffs' Position On The Proper Categories For In Camera Review:**

Plaintiffs do not believe it was the Court's intention for this filing to include additional legal argument as to why the documents in dispute are privileged or not privileged. Rather, Plaintiffs believe the Court expects categories proposed with, perhaps, a brief description as to why those categories are appropriate. That is what Plaintiffs have done below. Defendants have chosen to use this filing to reargue their position on the merits of this dispute. Because those positions are detailed in multiple filings before this Court, there is no reason for them to be repeated here. Therefore, Plaintiffs request that the Court disregard Defendants' legal arguments in this filing and, instead, only focus on the categories of documents they propose. Plaintiffs contend that the remaining disputed documents fall into categories demonstrating that they are not privileged or fall within the fiduciary exception and should be produced.

**1. Documents relating to the review of the current plan design**

Documents within this category are those documents that relate to the selection of vendors, including investment managers, the selection, retention and monitoring of investment options and other activities that relate to the review of the current plan design. These documents fall within the fiduciary exception and should therefore be produced. Documents within this category are labeled "Fiduciary Exception – Review of Present Structure and Design and Statutory Compliance" and "Fiduciary Exception – Selection of Vendors" on Plaintiffs' Exs. 1-5.

**2. Documents relating to the allocation of plan expenses**

Documents within this category are those documents that relate to the ongoing administrative function of allocating expenses to the Plans. These documents fall within the fiduciary exception and should therefore be produced. Documents within this category are labeled "Fiduciary Exception – Plan Administration" on Plaintiffs' Exs. 1-5.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**JOINT STATUS REPORT**

**3. Documents claimed as work-product**

Documents within this category are those documents that Defendants' claim are subject to work-product protection and Plaintiffs, based on Defendants descriptions, assert that they are not proper work-product. These documents are not protected by any applicable privilege and should therefore be produced. Documents within this category are labeled "Improper Work-Product" on Plaintiffs' Exs. 1-5.

**4. Documents transmitted to third-parties**

Documents within this category are those documents that have been transmitted to a non-Northrop Grumman Employee. These documents are not privileged and should therefore be produced. Documents within this category are labeled "Transmitted to Third Party" on Plaintiffs' Exs. 1-5.

**5. Documents relating to communications to plan participants**

Documents within this category are those documents that relate to the transmission of information to Plan participants, including drafts of communications and discussions of the legal necessity of certain communications. These documents fall within the fiduciary exception and should therefore be produced. Documents within this category are labeled "Fiduciary Exception – Communication of Information to Participants" on Plaintiffs' Exs. 1-5.

**6. Documents where the advice of counsel was charged to the Plans**

Documents within this category are those documents that have attorneys listed whose services were charged to the Plans. These documents fall within the fiduciary exception and should therefore be produced. Documents within this category are labeled "Fiduciary Exception – Charged to the Plan" on Plaintiffs' Exs. 1-5.

**7. Documents with vague privilege log entries**

Documents within this category are those documents that had privilege log entries that were so vague that Plaintiffs cannot determine the applicability of any

**JOINT STATUS REPORT**

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1   privilege. These documents are no longer privileged and should therefore be

2   produced. Documents within this category are labeled "Vague" on Plaintiffs' Exs.

3   1-5.

4

5   **Defendants Position On The Proper Categories For In Camera Review:**

6        Defendants agree in theory as to plaintiffs' proposed protocol for this Court

7   to conduct an *in camera* review, if deemed necessary.  Specifically, defendants

8   agree that each side should be permitted to select up to three (3) documents for

9   review for the various categories of documents deemed appropriate by the Court.  If

10  the Court still has concerns after such a limited *in camera* review, the parties should

11  be order to provide further examples of the withheld documents.

12       Defendants, however, believe that certain of the categories proposed by

13  plaintiffs are either unworkable or wrongly suggest that defendants are withholding

14  documents based on reasons plaintiffs define as categories, when defendants are

15  not. As defendants understand it, the point of this Court reviewing documents *in

16  camera* is to determine if the reason defendants asserted on the privilege logs for

17  withholding the communication (which all involve legal advice from in-house or

18  outside legal counsel) is a valid basis to withhold the document notwithstanding

19  plaintiffs' invocation of the fiduciary exception to the attorney-client privilege.

20  Plaintiffs' attempt to interject "categories" of documents is erroneous to the extent

21  that it mischaracterizes or ignores the basis defendants have asserted for

22  withholding the document.  Moreover, plaintiffs' categories are misleading in that

23  some of them (such as "Documents relating to communications to Plan

24  participants" or "Documents relating to the allocation of plan expenses") are

25  categories under which defendants produced hundreds of documents and are not the

26  basis for why defendants are withholding documents, nor does the law make the

27  distinctions plaintiffs suggest by certain of their categories, such as who has paid

28

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**JOINT STATUS REPORT**

for the legal advice.

Defendants believe that the Court should focus on those categories of documents the Ninth Circuit and another court within its jurisdiction have found to fall within the narrow fiduciary exception to the attorney-client privilege in ERISA cases.  Pursuant to the leading cases of <u>United States v. Mett</u>, 178 F.3d 1958 (9th Cir. 1999) and <u>Fischel vs. The Equitable Life Assurance Society</u>, 191 F.R.D. 606 (N.D. Cal. 2000), defendants have withheld documents under three general categories which those courts have held do not fall within the fiduciary exception and, therefore are not subject to disclosure:

1.  Documents containing legal advice for the protection and benefit of the company, fiduciary or trustee.  <u>Mett</u>, 178 F.3d  at 1965-1066 (the fiduciary exception does not apply to attorney-client communications where a fiduciary obtains advice for his or her own protection about how to run the plan).

2.  Documents containing legal advice concerning designing or amending the ERISA plan, which is not a fiduciary function.  <u>See</u> <u>Fischel</u>, 191 F.R.D. at 609-10.

3.  Documents concerning the legal review, comment or response to individual plan participants' inquiries, complaints or claims.  <u>Id</u>.

In addition to those privileged documents defendants maintain do not fall within the fiduciary exception, as set forth above, defendants have also withheld privileged documents based on the following three grounds identified in the relevant logs: (1) Documents containing information not relevant or not responsive to plaintiffs' document requests; (2) Documents concerning ERISA plans other than the two at issue in this case; and (3) Documents which involve work product about this or another lawsuit or anticipated litigation.  Defendants' assertions track the explanations given by them on the log.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

**JOINT STATUS REPORT**

1  Accordingly, the proper categories for *in camera* review are as follows:

2  **1.  Documents containing legal advice for the protection and benefit of**

3  **the company, fiduciary or trustee.**

4  **2.  Documents containing legal advice concerning designing or amending**

5  **the ERISA plan.**

6  **3.  Documents concerning the legal review, comment or response to**

7  **individual plan participants' inquiries, complaints or claims.**

8  **4.  Documents reflecting information not relevant or not responsive to**

9  **plaintiffs' document requests;**

10  **5.  Documents concerning ERISA plans other than the two at issue in**

11  **this case;**

12  **6.  Documents involving work product about this or another lawsuit or**

13  **anticipated litigation.**

14  Defendants are also prepared to submit and address the handful of privileged

15  documents plaintiffs maintain reflect a waiver because third parties are included in

16  the communications.  As explained by defendants in their portion of the Joint

17  Stipulation (Docket No. 219 at pp. 17-18) in those few cases the third party was a

18  consultant retained to work closely with in-house or outside counsel, and the law

19  provides that does not constitute a waiver of the attorney-client privilege.  Memry

20  Corp. v. Ky. Oil Tech., N.V., 2007 U.S. Dist. LEXIS 3094 at *7-*9 (N.D. Cal.

21  2007) ("disclosure to third parties waives the attorney-client privilege**,** but there is

22  an exception for independent contractors and other third parties who are functional

23  equivalents of employees."); In re Bieter Co., 16 F.3d 939, 937, 939-40 (8th Cir.

24  1994) ("It is inappropriate to distinguish between those on a client's payroll and

25  those who are instead, and for whatever reason, employed as independent

26  contractors.").

27

28

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

-7-

**JOINT STATUS REPORT**

1    DATED:  June 18, 2010

2                                          SCHLICHTER, BOGARD & DENTON
                                           Jerome J. Schlichter
3                                          Nelson G. Wolff
                                           Jason P. Kelly
4

5                                 By:  _____/s/ Jason P. Kelly_____
                                           Jason P. Kelly
6                                          Attorneys for *Grabek Plaintiffs*

7

8    DATED:  June 18, 2010

9                                          McDERMOTT WILL & EMERY LLP
                                           Chris C. Scheithauer
10                                         Nancy G. Ross

11

12
                                  By:  ___/s/ Chris C. Scheithauer_____
13                                         Chris C. Scheithauer
                                           Attorneys for Defendants
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

-8-
**JOINT STATUS REPORT**