UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-06213 MMM(JCx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** ORDER (1) VACATING HEARING DATE ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF SUPPLEMENTAL DISCOVERY AND UNREDACTED DOCUMENTS ("PLAINTIFFS' MOTION"); AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION

Pending before this Court and currently scheduled for hearing on June 29, 2010 at 9:30 a.m., is Plaintiffs' Motion to Compel Production of Supplemental Discovery and Unredacted Documents ("Plaintiffs' Motion") (Docket No. 204). Also submitted and considered by the Court in conjunction with Plaintiffs' Motion are the parties' Joint Stipulation ("JS"), a Declaration of Nelson G. Wolff ("Wolff I Decl.") with exhibits and under seal exhibits ("Wolff I Ex. ") (Docket Nos. 206, 223), a Declaration of Chris C. Scheithauer ("Scheithauer Decl.") with exhibits and under seal exhibits ("Scheithauer Ex.") (Docket Nos. 208, 229), a Declaration of Nancy G. Ross ("Ross Decl.") with an exhibit ("Ross Ex.") (Docket No. 207), and Plaintiffs' Supplemental Memorandum (Plaintiffs' Supp. Memo") with another Declaration of Nelson G. Wolff ("Wolff II Decl.") with exhibits ("Wolff II Ex.") (Docket No 214).[1]

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds Plaintiff's Motion appropriate for decision without oral argument. The hearing on Plaintiffs' Motion which is currently calendared for June 29, 2010 is hereby vacated and the matter taken off calendar.

Based on the Court's consideration of the parties' submissions in connection with Plaintiffs' Motion and for the reasons discussed below, Plaintiffs' Motion is granted in part and denied in part.

---

[1] On June 8, 2010, the Court granted Plaintiffs' Motion to Strike Defendants' Supplemental Memorandum. (Docket No. 237).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-06213 MMM(JCx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

**I.      Pertinent Facts**

On September 28, 2006, plaintiffs filed the Complaint in this action. On March 14, 2007, plaintiffs filed the currently operative First Amended Complaint.[2]  Plaintiffs allege that defendants breached their fiduciary duty to plaintiffs in connection with the administration of two ERISA plans: (1) the Northrop Grumman Savings Plan, Plan 011 (the "NGS Plan") and; (2) the Northrop Grumman Financial Security and Savings Program, Plan 010 (the "FSS Plan").

On January 24, 2007, the parties' counsel met to conduct the conference of counsel pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (the "Rule 26(f) Conference"). (Ross Decl. ¶¶ 2, 3; Ross Ex. A; Wolff II Ex. DD at 5). Defendants' counsel attests that defendants' attorney Nancy G. Ross met with plaintiffs' then attorney Elizabeth Hubertz. (Ross Decl. ¶¶ 2, 3; Ross Ex. A). A declaration filed by plaintiffs' counsel Elizabeth Hubert on February 8, 2007 reflects that on January 24, 2007, Hubertz attended the Rule 26(f) Conference at which defendants' counsel John Litwinski was personally present and Chris Scheithauer attended by phone. (Wolff II Ex. DD at 5).

Defendants' counsel attests that during the Rule 26(f) Conference, the parties agreed that defendants need only produce documents relevant up to the date the original complaint was filed (September 28, 2006) and thus that plaintiffs' document requests would seek documents prior to September 29, 2006. (Ross Decl. ¶ 3).

On February 7, 2007, plaintiffs served defendants with Plaintiffs' First Set of Requests for Production ("Document Request(s)" or "RFP"). (Wolff I Ex.  B; Scheithauer Ex. A). The Document Request expressly states: "These requests to produce cover the period 10 years prior to September 29, 2006." (Wolff Ex. B at 5; Scheithauer Ex. A at 5). Defendants' counsel attests that this is consistent with the agreement reached between counsel at the Rule 26(f) Conference. (Ross Decl. ¶ 3).

On February 9, 2007, the parties filed a Joint Report of Rule 26(f) Meeting ("Joint Report") which reflects that defendants did not then believe it necessary to modify any of the limitations on discovery. (Wolff II. Ex. EE). The Joint Report does not address, or at least does not expressly address the parties' positions with respect to the time scope of discovery as pertinent to Plaintiffs' Motion.

On March 12, 2007, defendants served plaintiffs with defendants' Responses and Objections to [the Document Requests] ("Defendants' Response(s)"). (Wolff I Ex.  C; Scheithauer Ex. B). Defendants' Responses generally object to the Documents Requests "on the grounds that [each of the Document Requests] is not limited to any reasonable time period and seeks documents and information concerning a time period barred by the applicable statute of limitations." (Wolff I Ex. C; Scheithauer Ex. B; Defendants' Responses at 4, ¶ 10). Most of defendants' individual responses to the individual requests further reflect that, barring other objections, defendants will produce responsive documents for the period of "September 28, 2000 through and including September 28, 2006 . . . " (Wolff I Ex. C; Scheithauer Ex. B; Defendants' Responses to RFP Nos. 1-13, 15-22, 24, 26, 29-32).

---

[2]A motion for leave to file a Second Amended Complaint is currently pending before the assigned District Judge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-06213 MMM(JCx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

On June 25, 2007, plaintiffs, through then counsel Kathy Wisniewski, challenged defendants' invocation of the above-referenced objections, indicated that the such objections were not well-founded, and requested the immediate production of documents for the NGS Plan from January 1, 1997 through the present, and for the FSS Plan, from September 28, 2000 through the present.  (Wolff I Ex. D at ¶ 4).

Defendants' counsel attests that on June 29, 2007, in a follow-up telephone conference, defendants' attorneys advised plaintiffs' then counsel, Ms. Wisniewski, that the parties had previously agreed to the September 28, 2006 cutoff date for production and pointed out that plaintiffs' own requests specifically stated that defendants need only produce documents for the time period "prior to September 29, 2006."  (Scheithauer Decl. ¶ 12).  Defendants' counsel further attests that Ms. Wisniewski did not raise the issue again.  (Scheithauer Decl. ¶ 12).

On September 28, 2007, the case was stayed pending an interlocutory appeal of an order denying class certification.  On September 30, 2009, the matter was remanded.

On November 24, 2009, plaintiffs, through current counsel, generated a letter regarding the substance of a discussion between counsel that date.  (Wolff I Ex.  E; Scheithauer Ex. E).  Plaintiffs' counsel requested that defendants supplement all discovery responses and Fed. R. Civ. P. Rule 26(a)(1) initial disclosures as required by Fed. R. Civ. P. Rule 26(e)(1)(A), including, but not limited to four specified categories of items.  (Wolff I Ex. E; Scheithauer Ex. E).  Plaintiffs' counsel further acknowledged that defendants were "resisting supplementation of discovery for the period subsequent to the filing date of the original complaint," noted that plaintiffs viewed such a position to be "untenable and without legal support," further acknowledged that defendants alleged the existence of an agreement justifying such a cut-off period, and asked that defendants produce/identify any documentation to establish the alleged agreement and/or legal support for defendants' position.  (Wolff I Ex. E; Scheithauer Ex. E).

On December 2, 2009, defendants' counsel advised plaintiffs' counsel in writing that until a separate cost-shifting issue was resolved, defendants were "not in a position to make the [requested] supplemental responses[,]" but that once such issue was resolved, defendants would be "willing to provide certain supplemental responses and productions to the extent that such supplemental responses [were] appropriate and relevant[,] and that "[t]o be clear, such production [would] include materials post-filing of the Complaint."   (Wolff I Ex. F; Scheithauer Ex. F).

On the basis of relevance, defendants have redacted portions of documents otherwise responsive to the Document Requests.  (Wolff I Decl. ¶ 14).  The parties disagree as to the propriety of such redactions.  (Wolff I Decl. ¶¶ 14-20, 22-26; Scheithauer Decl. ¶¶ 21-26).

The current fact discovery cut-off in this action is August 27, 2010.  The current expert discovery cut-off is October 18, 2010.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-06213 MMM(JCx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

**II.    Discussion and Further Orders**

Plaintiffs' Motion seeks to compel defendants to (1) supplement to the present date their production of documents responsive to the Document Requests; and (2) produce unredacted versions of documents redacted based upon reasons other than attorney-client privilege/attorney work product.

1.      Plaintiffs' Motion is denied to the extent it seeks to compel defendants to produce documents responsive to the Document Requests relating to a period beyond September 28, 2006 as the Document Requests expressly call for the production of documents covering "the period 10 years prior to September 29, 2006." The Court does not view defendants' subsequent representation to produce materials post-filing of the Complaint as an agreement to expand the scope of the Document Requests or as a broader separate agreement to produce anything other than materials subsequent to the filing of the Complaint which are within the scope of pre-existing discovery requests, *i.e.*, that relate to the pertinent period prior to September 29, 2006.

2.      Plaintiffs' Motion is granted to the extent it seeks to compel defendants to produce unredacted versions of documents redacted based upon relevance. The Court recognizes that different courts have reached different conclusions regarding the propriety of redacting documents based on lack of relevance. Defendants point to cases in which courts have approved of such a procedure. (JS 26-27) (citing, *inter alia*, Flintkote Co. v. General Accident Assurance Co., 2009 WL 1457974, *7 (N.D. Cal. 2009); Gates v. Rohm and Hass Co., 2007 WL 295416, *1 (E.D. Penn. 2007)). Plaintiffs point to cases in which courts have disapproved of such a procedure. (JS 13) (citing, *inter alia*, In re Medeva Securities Litigation, 1995 WL 943468, *3 (C.D. Cal. 1995); Howell v. City of New York, 2007 WL 2815738, *2 (E.D.N.Y. 2007); Evergreen Trading, LLC ex rel. Nussdorf, 80 Fed. Cl. 122, 145 (2007); Levy Indiana Slag Co. v. International Union of Operating Engineers, 2006 WL 2224201 (N.D. Ind. 2006)).

This Court finds the second category of cases, *i.e.*, those cases which disapprove of redacting portions of documents which otherwise contain discoverable information based upon relevance to be more persuasive especially where, as here, a multitude of documents are in issue and a protective order is in place to address concerns regarding privacy and potential misuse of information.[3] As noted in In re Medeva Securities Litigation, 1995 WL 943468, *3 (C.D. Cal. 1995) with which this Court agrees:

> The Court does not welcome unilateral editing of documents by the producing party. Even when implemented with restraint and in good faith, the practice frequently gives

---

[3]The Court recognizes that even though plaintiffs seek to compel defendants to produce unredacted versions of documents redacted based upon lack of relevance, defendants represent that plaintiffs themselves have redacted documents for the same reason. (JS 6). Plaintiffs represent that their redactions were narrowly done pursuant to Local Rule 79-5.4. (Plaintiffs' Supp. Memo at 5 n.9). The propriety of plaintiffs' conduct vis-a-vis the redaction of documents is not currently before the Court. Having said that, nothing in this order precludes defendants from seeking to compel the production of any such redacted documents in issue though, in light of the guidance afforded by the instant order, the Court expects that the parties would resolve any such remaining dispute through the meet and confer process without Court intervention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-06213 MMM(JCx) | Date | June 24, 2010 |
|---|---|---|---|
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

rise to suspicion that relevant material harmful to the producing party has been obscured. It also tends to make documents confusing or difficult to use. All too often, the practice results in litigation of collateral issues and in camera review of documents by the Court, with the result that the time of both counsel and the Court is wasted. These drawbacks ordinarily outweigh the minimal harm that may result from disclosure of some irrelevant material.

Accordingly, defendants are ordered to produce within fourteen (14) days unredacted versions of all previously produced documents from which assertedly non-responsive and/or irrelevant information was redacted. This order is intended to encompass the production of documents redacted on any basis other than attorney-client privilege or attorney work product.

IT IS SO ORDERED

Initials of Deputy Clerk:   kc