1  Nancy G. Ross (*Pro Hac Vice*)
   nross@mwe.com
2  John A. Litwinski (*Pro Hac Vice*)
   jlitwinski@mwe.com
3  McDERMOTT WILL & EMERY LLP
   227 West Monroe Street
4  Chicago, IL  60606-5096
   Telephone:  312.372.2000
5  Facsimile:  312.984.7700

6  Chris C. Scheithauer (State Bar No. 184798)
   cscheithauer@mwe.com
7  McDERMOTT WILL & EMERY LLP
   18191 Von Karman Avenue, Suite 500
8  Irvine, CA  92612-7108
   Telephone:  949.851.0633
9  Facsimile:  949.851.9348

10 *Attorneys for Defendants*

11 [Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NORTHROP GRUMMAN CORPORATION ERISA LITIGATION.<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master File No. 06-CV-6213 MMM (JCx)<br><br>**JOINT LIST OF DOCUMENTS SUBMITTED FOR *IN CAMERA* REVIEW PER THE COURT'S JUNE 29, 2010 ORDER (DOC. 260)**<br><br>Mag. Judge: Hon. Jacqueline Chooljian<br><br>Discovery Cut-Off: August 27, 2010<br>Final Pretrial Conf.: December 13, 2010<br>Trial Date: January 11, 2011 |

Pursuant to section III(C)(3) of the Court's June 29, 2010 Order, the parties hereby submit the following list of documents from Defendants' revised privilege logs that will be submitted to the Court for *in camera* review.

**A.     Documents/Communications Regarding the Structure/Design/ Amendment/Termination of the ERISA Plans in Issue**

Plaintiffs' Selected Documents

    1.     Second Privilege Log, Entry 2

    2.     Third Privilege Log, Entry 88

        (Defendants withheld this document as not responsive/relevant because it concerns 2002 Northrop Grumman Corporation ("Northrop") benefits project budgeting process)

    3.     Fourth Privilege Log, Entry 94

        (Defendants withheld this document because it concerns both plan changes and other plans not involved in this case)

Defendants' Selected Documents

    1.     First Privilege Log, Entry 14

        (An outside counsel memorandum discussing different aspects of a proposed plan amendment)

    2.     Second Privilege Log, Entry 2

        (PowerPoint presentation on the plan amendment phase of a plan governance project)

    3.     Fourth Privilege Log, Entry 94

        (Communication between in-house Northrop counsel on plan redesign and documentation expenses)

**B.** **Documents/Communications Regarding Ongoing Monitoring/Review of Investment Options for the ERICA Plans in Issue**

Plaintiffs' Selected Documents

    1.    Third Privilege Log, Entry 2

        (Defendants withheld this document as not relevant/responsive because it concerns issues about possible changes to restrict investments in the company stock fund).

    2.    Third Privilege Log, Entry 129

        (Defendants withheld this document on the basis of plan changes/amendments because it concerns proposed plans changes in investment options)

    3.    Third Privilege Log, Entry 131

        (Defendants withheld this document on the basis of plan changes/amendments because it concerns proposed plan changes in investment options)

Defendants' Selected Documents

Applying the *Fischel* analysis of the fiduciary exception, Defendants have not held back any documents on this basis concerning *current* plan investment options. Defendants have withheld the following document concerning a proposed plan change for a brokerage window investment option and related questions about fiduciary liability:

    1.    First Privilege Log, Entry 8

C. **Documents/Communications Regarding the Selection/Retention/Use of Third Party Vendors, Including Investment Managers for the ERISA Plans in Issue**

Plaintiffs' Selected Documents

    1.    First Privilege Log, Entry 4

           (Defendants withheld this document because it concerns legal advice for the benefit of the fiduciaries on attorney client privilege and the use of consultants)

    2.    Third Privilege Log, Entry 21

           (Defendants withheld the document as not responsive/relevant because it concerns Sarbanes Oxley issues for senior executive stock)

    3.    Fourth Privilege Log, Entry 103

           (Defendants withheld this document as advice on company/trustee liability).

Defendants' Selected Documents

Applying the *Fischel* analysis of the fiduciary exception, Defendants have not held back any documents on this basis concerning the plans at issue in this litigation, but have held back a few documents concerning third party vendors for other plans, including:

    1.    Fourth Privilege Log, Entry 140

           (Communication on the Comptek Plan not at issue in this case)

D. **Documents/Communications Regarding Budgets/Costs/Allocation of Expenses of the ERISA Plans in Issue**

Plaintiffs' Selected Documents

    1.    Third Privilege Log, Entry 45

           (Defendants withheld this document as not responsive/relevant because it relates to budgeting for

payments by the company related to benefit plans and not the budgets for the specific plans at issue in this case, which also involves company/trustee liability)

2. Fourth Privilege Log, Entry 107

(Defendants withheld this document as advice on company/trustee liability exposure concerning reimbursement of expenses)

3. Fourth Privilege Log, Entry 170

(Defendants withheld this document as not responsive/relevant because it involves general budgeting not specific to the plans at issue)

Defendants' Selected Documents

Applying the *Fischel* analysis of the fiduciary exception, Defendants have not held back documents on this basis concerning benefit plan budgets, costs and expenses, but have held back documents concerning the budget process and expenses of the Northrop law department, including:

1. Third Privilege Log, Entry 82

(Outside counsel input on general budget)

2. Fourth Privilege Log, Entry 182

(Communication from Northrop in-house counsel regarding attached corporate legal budget document)

3. Fourth Privilege Log, Entry 184

(Communication between Northrop in-house counsel regarding outside counsel expenses and other budgeted expenses)

**E.   Communications/Drafts of Communications to Participants of the ERISA Plans in Issue**

<u>Plaintiffs' Selected Documents</u>

  1. Third Privilege Log, Entry 16

    (Defendants withheld this document as not relevant/responsive because it concerns Sarbanes Oxley and executive compensation issues)

  2. Third Privilege Log, Entry 94

    (Defendants withheld this document because it concerns plan changes/amendments).

  3. Third Privilege Log, Entry 127

    (Defendants withheld this document because it concerns plan changes/amendments)

<u>Defendants' Selected Documents</u>

Applying the *Fischel* analysis of the fiduciary exception, Defendants have not held back any documents on this basis.

**F.   Documents/Communications Regarding Company/Trustee/ Fiduciary Liability**

<u>Plaintiffs' Selected Documents</u>

Plaintiffs view these documents to fall within other categories, however, Plaintiffs have selected documents which Plaintiffs believe Defendants view to fall within this category based on Defendants' privilege log.

  1. Third Privilege Log, Entry 52
  2. Fourth Privilege Log, Entry 36
  3. Fourth Privilege Log, Entry 106

<u>Defendants' Selected Documents</u>

The following documents which defendants have selected for *in camera* review concern ERISA Section 404(c) compliance or status (Section 404(c) is an

ERISA provision about participant control of plan assets that provides a statutory "safe harbor" defense to breach of fiduciary claims):

    1.     First Privilege Log, Entry 9

        (An outside counsel opinion on 404(c) status)

    2.     Third Privilege Log, Entry 136

        (Communication from Northrop Grumman in-house counsel concerning plan sponsor 404(c) protection)

    3.     Fourth Privilege Log, Entry 36

        (Outside counsel memorandum on "best practices" recommended by Hewitt consulting firm for 404(c) compliance)

**G.     Documents/Communications Regarding Inquiries/Complaints/Claims from Specific Participant to the ERISA Plans in Issue**

Plaintiffs' Selected Documents

Plaintiffs view these documents to fall within other categories, however, Plaintiffs have selected documents which Plaintiffs believe Defendants view to fall within this category based on Defendants' privilege log.

    1.     Third Privilege Log, Entry 95

        (Defendants have withheld this document on the basis that it concerns both plan changes and specific participant claims)

    2.     Third Privilege Log, Entry 148

    3.     Third Privilege Log, Entry 150

Defendants' Selected Documents

In addition those documents designated by plaintiffs, defendants have withheld the following two documents concerning specific participants:

    1.     Third Privilege Log, Entry 93

        (Communication regarding an individual loan repayment issue)

  2. Third Privilege Log, Entry 150

    (Communication regarding a message from an individual plan participant about supposedly illegal responses to "market timing" and related internal memos)

**H.** **Documents/Communications As to Which the Logs are Assertedly Vague**

 Plaintiffs' Selected Documents

  1. Third Privilege Log, Entry 84

    (Defendants have withheld this document as not responsive/relevant and described it as concerning the 2002 legal work budget)

  2. Third Privilege Log, Entry 133

    (Defendants have withheld this document as not responsive /relevant and described it as concerning the legal services budget)

  3. Fourth Privilege Log, Entry 209

    (Defendants have held back this document as related to another plan, described as the Northrop 401(k) plan; this document specifically concerns possible plan changes in investment options, which is a privileged subject not covered by the fiduciary exception).

 Defendants' Selected Documents

  Plaintiffs' assertions that defendants' privilege log descriptions are "vague" are arguments about defendants' wording of document descriptions, rather than about the content of the documents. Plaintiffs have made their "vague" argument about more than 150 documents in plaintiffs' "updated challenges," including the following documents for which defendants quote below from the document description in their revised privilege logs and submit the three described documents for *in camera* review:

1. First Privilege Log, Entry 9

    (Described as a "legal opinion … regarding reducing potential fiduciary liability exposure")

2. Third Privilege Log, Entry 57

    (Described as a communication from legal counsel providing a legal opinion on "administrative committee authority with respect to plan amendments/changes")

3. Fourth Privilege Log, Entry 99

    (Described as communication discussing "options for structuring fiduciary oversight of plan expense approval process")

**I.   Documents/Communications Which Defendants Assert are Non-Responsive, Not Relevant and/or Relate to Plans Other Than the Plans in Issue**

Plaintiffs' Selected Documents

Plaintiffs view these documents to fall within other categories, however, Plaintiffs have selected documents which Plaintiffs believe Defendants view to fall within this category based on Defendants' privilege log.

1. Fourth Privilege Log, Entry 174
2. Fourth Privilege Log, Entry 199
3. Fourth Privilege Log, Entry 219 (Court should focus on the redacted portion of the document)

    (Defendants have agreed to produce the portion of this document related to the plans at issue in this case and redacted the portions about other plans; defendants will submit the unredacted document for *in camera* inspection).

<u>Defendants' Selected Documents</u>

Defendants have withheld from production documents about the 2002 project budgeting process at Northrop and about the operation of other Northrop benefit plans that are not the subject of this litigation. The following three examples are submitted for *in camera* review:

1. Third Privilege Log, Entry 88

    (Communication from outside counsel on 2002 law department project budgeting)

2. Third Privilege Log, Entry 142

    (Memorandum regarding upcoming Investment Committee discussion of "heritage plans" maintained by Northrop that encloses memo from outside counsel)

3. Fourth Privilege Log, Entry 191

    (PowerPoint presentation on Northrop's outside counsel selection process and "preferred provider initiative")

Dated: July 9, 2010

McDERMOTT WILL & EMERY LLP
Nancy G. Ross
Chris C. Scheithauer
John A. Litwinski

By: /s/ Chris C. Scheithauer
    Chris C. Scheithauer

*Attorneys for Defendants*

Dated: July 9, 2010

SCHLICHTER, BOGARD & DENTON
Jerome J. Schlichter
Nelson G. Wolff
Jason P. Kelly

By: /s/ Jason P. Kelly
    Jason P. Kelly

*Attorneys for Plaintiffs*

DM_US 25894852-2.071494.0013