UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-6213 MMM(JCx) | Date | July 19, 2010 |
|---|---|---|---|
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

Present: The Honorable    Jacqueline Chooljian, United States Magistrate Judge

| Kimberly I. Carter | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

None                                None

**Proceedings:**   **ORDER (1) VACATING HEARING DATE ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER QUASHING PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION ("DEFENDANTS' MOTION"); (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION (DOCKET NO. 261); (3) DENYING AS MOOT GRABEK PLAINTIFFS' UNOPPOSED REQUEST TO APPEAR TELEPHONICALLY AT HEARING (DOCKET NO. 272)**

    Pending before this Court and currently scheduled for hearing on July 20, 2010 at 9:30 a.m., is Defendants' Motion for Protective Order Quashing Plaintiffs' Second Set of Requests for Production ("Defendants' Motion") (Docket No. 261). Also submitted and considered by the Court in conjunction with Defendant's Motion are the parties' Joint Stipulation ("JS") (Docket No. 262), a Declaration of Chris C. Scheithauer ("Scheithauer Decl.") with exhibits ("Scheithauer Ex.") (Docket No. 263), a Declaration of Nancy G. Ross ("Ross Decl.") with an exhibit ("Ross Ex.") (Docket No. 264), a Declaration of Jason P. Kelly ("Kelly Decl.") with exhibits ("Kelly Ex.") (Docket No. 265), and Defendants' Supplemental Memorandum (Defendants' Supp. Memo") (Docket No 267).

    Also pending is the Plaintiffs' Unopposed Request to Appear Telephonically at July 20, 2010 Hearing ("Plaintiffs' Request"). (Docket No. 272).

    Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds Defendants' Motion appropriate for decision without oral argument. The hearing on Defendants' Motion which is currently calendared for July 20, 2010 is hereby vacated and the matter taken off calendar.

    Based on the foregoing, Plaintiffs' Request is moot and is denied as such.

    Based on the Court's consideration of the parties' submissions in connection with Defendants' Motion and for the reasons discussed below, Defendants' Motion is granted in part and denied in part.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-6213 MMM(JCx) | Date | July 19, 2010 |
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

## I. Pertinent Facts

On September 28, 2006, plaintiffs filed the Complaint in this action. On March 14, 2007, plaintiffs filed the currently operative First Amended Complaint. Plaintiffs allege that defendants breached their fiduciary duty to plaintiffs in connection with the administration of two ERISA plans: (1) the Northrop Grumman Savings Plan, Plan 011 (the "NGS Plan") and (2) the Northrop Grumman Financial Security and Savings Program, Plan 010 (the "FSS Plan") (collectively the "ERISA Plans in Issue"). More specifically, plaintiffs allege that defendants breached their fiduciary duty to plaintiffs by, among other things: (1) causing the ERISA Plans in Issue to enter into agreements with service providers under which the plans paid fees and expenses that were unreasonable and/or not incurred solely for the benefit of the plans' participants; (2) allowing and causing the plans to pay fees and expenses that were unreasonable and/or not incurred solely for the benefit of the plans' participants; and (3) failing to appoint fiduciaries (*e.g.*, investment managers) who lived up to their fiduciary duties, to monitor/oversee those appointed, and to remove those who breached their fiduciary duties. The First Amended Complaint focuses on: (1) the alleged overpayment of management fees to seven funds which allegedly delivered passive management, rather than the promised (and more expensive) active management; and (2) the alleged payment of excessive administrative and management fees relative to the Northrop Grumman Stock Fund.

On January 24, 2007, the parties' counsel met to conduct the conference of counsel pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1 (the "Rule 26(f) Conference"). (Ross Decl. ¶ 2; Ross Ex. A). Defendants' counsel attests that defendants' attorney Nancy G. Ross met with plaintiffs' then attorney Elizabeth Hubertz. (Ross Decl. ¶ 2; Ross Ex. A).

Defendants' counsel attests that during the Rule 26(f) Conference, the parties agreed that defendants need only produce documents relevant up to the date the original complaint was filed (September 28, 2006) and thus that plaintiffs' document requests would seek documents prior to September 29, 2006. (Ross Decl. ¶ 3).

On February 7, 2007, plaintiffs served defendants with Plaintiffs' First Set of Requests for Production ("First Document Requests"). (Kelly Ex. 5; Scheithauer Decl. ¶ 4; Scheithauer Ex. A). The First Document Requests expressly state: "These requests to produce cover the period 10 years prior to September 29, 2006." (Kelly Ex. 5; Scheithauer Decl. ¶ 4; Scheithauer Ex. A). Defendants' counsel attests that this is consistent with the agreement reached between counsel at the Rule 26(f) Conference. (Ross Decl. ¶ 3).

On February 9, 2007, the parties filed a Joint Report of Rule 26(f) Conference ("Joint Report") which reflects that defendants did not then believe it necessary to modify any of the limitations on discovery. (Kelly Decl. ¶ 8; Kelly Ex. 4). The Joint Report does not address, or at least does not expressly address the parties' positions with respect to the time scope of discovery as pertinent to Defendants' Motion. (Kelly Ex. 4). In the Joint Report, plaintiffs proposed a trial date of June 1, 2008 (*i.e.*, a date approximately twenty (20) months after the date the Original Complaint was filed).

On March 12, 2007, defendants served plaintiffs with defendants' Responses and Objections to [the First Document Requests]. (Scheithauer Decl. ¶ 5; Scheithauer Ex. B). Defendants' Responses generally objected to the First Documents Requests "on the grounds that [each of the First Document

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-6213 MMM(JCx) | Date | July 19, 2010 |
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

Requests] [was] not limited to any reasonable time period and [sought] documents and information concerning a time period barred by the applicable statute of limitations." (Scheithauer Decl. ¶ 5; Scheithauer Ex. B). Most of defendants' individual responses to the individual requests further reflect that, barring other objections, defendants would produce responsive documents for the period of "September 28, 2000 through and including September 28, 2006 . . . " (Scheithauer Decl. ¶ 5; Scheithauer Ex. B [Defendants' Responses to First Document Requests Nos. 1-13, 15-22, 24, 26, 29-32]).

On June 25, 2007, plaintiffs, through then counsel Kathy Wisniewski, sent defendants' counsel a meet and confer letter asserting that defendants were required to produce documents prior to September 2000 and after September 2006. (Scheithauer Decl. ¶ 12).

Defendants' counsel attests that on June 29, 2007, in a follow-up telephone conference, defendants' attorneys advised plaintiffs' then counsel, Ms. Wisniewski, that the parties had previously agreed to the September 28, 2006 cutoff date for production and pointed out that plaintiffs' First Document Requests specifically stated that defendants need only produce documents for the time period "prior to September 29, 2006." (Scheithauer Decl. ¶ 12). Defendants' counsel further attests that Ms. Wisniewski did not raise the issue again. (Scheithauer Decl. ¶ 12).

On September 28, 2007, the case was stayed pending an interlocutory appeal of an order denying class certification. On September 30, 2009, the matter was remanded.

On November 24, 2009, plaintiffs, through current counsel, generated a letter regarding the substance of a discussion between counsel that date. (Scheithauer Decl. ¶ 14; Scheithauer Ex. E). Plaintiffs' counsel requested that defendants supplement all discovery responses and Fed. R. Civ. P. Rule 26(a)(1) initial disclosures, including, but not limited to four specified categories of items. (Scheithauer Decl. ¶ 14; Scheithauer Ex. E). Plaintiffs' counsel further acknowledged that defendants were "resisting supplementation of discovery for the period subsequent to the filing date of the original complaint," noted that plaintiffs viewed such a position to be "untenable and without legal support," further acknowledged that defendants alleged the existence of an agreement justifying such a cut-off period, and asked that defendants produce/identify any documentation to establish the alleged agreement and/or legal support for defendants' position. (Scheithauer Decl. ¶ 14; Scheithauer Ex. E).

On May 7, 2010, plaintiffs filed a motion for leave to file a second amended complaint which is currently submitted for decision with the assigned District Judge. The proposed second amended complaint which was lodged with such motion alleges, among other things that defendants breached their fiduciary duty to plaintiffs by: (1) causing the ERISA plans in issue to enter into agreements with service providers under which the plans paid fees and expenses that were unreasonable and/or not incurred solely for the benefit of the plans' participants; (2) allowing and causing the plans to pay fees and expenses that were unreasonable and/or not incurred solely for the benefit of the plans' participants; and (3) failing to appoint fiduciaries who lived up to their fiduciary duties, to monitor/oversee those appointed, and to remove those who breached their fiduciary duties. (Kelly Ex. 3). The proposed second amended complaint focuses on: (1) the alleged payment of excessive management and administrative fees relative to the Northrop Grumman Stock Fund; (2) the alleged overpayment of management fees relative to four other funds; (3) the alleged payment of excessive administrative fees relative to each of the investment options due to a self-interested incentive structure including a failure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-6213 MMM(JCx) | Date | July 19, 2010 |
|---|---|---|---|

| Title | In Re Northrop Grumman Corporation ERISA Litigation |
|---|---|

to outsource administrative functions; and (4) the selection and retention of investment managers who charged excessive fees, based upon improper criteria such as whether such managers provided defendants with preferential discounts and benefits to defendants and other plans

On or about May 28, 2010, plaintiffs served defendants with Plaintiffs' Second Set of Requests for Production ("Second Document Requests" or "RFP(s)"). (Kelly Ex. 1; Scheithauer Decl. ¶ 21; Scheithauer Ex. Q). Plaintiffs' Second Document Requests contain two categories of requests (1) requests which mirror those contained in the First Document Requests, but also call for documents created after September 28, 2006 through the close of fact discovery (RFPs 55-87); and (2) requests which call for documents related to specified investment managers/service providers who allegedly provided impermissible benefits to defendants at the expense of participants in the ERISA Plans in Issue (RFPs 34-54). (Kelly Decl. ¶ 2; Kelly Ex. 1; Scheithauer Decl. ¶ 21; Scheithauer Ex. Q).

The current fact discovery cut-off in this action is August 27, 2010. The current expert discovery cut-off is October 18, 2010.[1]

## II. Discussion

Defendants' Motion (1) seeks a protective order quashing the Second Document Requests in their entirety: (2) requests defendants' costs and fees in bringing Defendants' Motion; and (3) alternatively requests that the Court order plaintiffs to pay for the costs incurred in searching for and producing the requested documents. Defendants assert that the requested relief is appropriate because the Second Document Requests (1) improperly seek to expand the time period at issue in this case; and (2) improperly seek information and documents not relevant and not likely to lead to the discovery of admissible evidence.

First, this Court rejects defendants' contentions that the Second Document Requests are untimely. Although this action has been pending for some time, the Second Document Requests were served on or about May 28, 2010, approximately three months before the current discovery cut-off date of August 27, 2010.

Second, this Court rejects defendants' contentions that the Second Document Requests are improper merely because they seek documents regarding events before September 29, 2000 which may be barred by the applicable statute of limitations. The fact that events may be barred by the statute of limitations and may well not be appropriate predicates for plaintiffs' claims, does not mean that such events/documents would not be relevant to plaintiff's claims. Having said that, however, the Court nonetheless believes it appropriate to grant Defendants' Motion to the extent it seeks a Protective Order quashing the Second Document Requests to the extent they seek documents regarding events before September 29, 2000 as the burden or expense of such discovery outweighs its likely benefit, considering the needs of the case and the importance of discovery for such time frame in resolving the issues in this case.

---

[1] Plaintiffs' Ex Parte Application to Amend Scheduling Order to extend the discovery and expert discovery cut-off deadlines is currently pending before the assigned District Judge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-6213 MMM(JCx) | Date | July 19, 2010 |
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

Third, the evidence presented to the Court weighs in favor of finding that in January 2007, plaintiffs' then counsel agreed to limit discovery up to September 28, 2006, the date the Original Complaint was filed. Defendants' counsel attests to the existence of such an agreement. The time limitation contained in the First Document Requests corroborates defendants' counsel's attestation. The evidence upon which plaintiffs rely to suggest a contrary conclusion – evidence which does not include a declaration from plaintiffs' then counsel – does not persuade the Court that it should disbelieve the firsthand sworn and corroborated attestation of defendants' counsel. Having said that, however, the Court notes that there has been a material change in circumstances since this agreement was made which persuades the Court that plaintiffs should not be held to the letter of such agreement. More specifically, it is reasonable to infer that at the time the agreement was made, plaintiffs' counsel expected that the matter would proceed to trial relatively expeditiously and that information up to the date of the filing of the Original Complaint would be reasonably current. As noted above, at about the time plaintiffs' counsel agreed to limit discovery up to the date the Original Complaint was filed (September 27, 2006), plaintiffs' counsel proposed a trial date approximately twenty (20) months after such filing (June 1, 2008). In other words, counsel anticipated that discovery would be current up to approximately (20) months prior to the trial. Accordingly, this Court deems it reasonable, in light of the delay attributable to the appeal and stay of this matter, to expand the time frame in issue to a date twenty (20) months prior to the current trial date of January 11, 2010, *i.e.*, May 11, 2009.[2] This Court thus believes it appropriate to grant Defendants' Motion to the extent it seeks a Protective Order quashing the Second Document Requests to the extent such requests seek documents regarding events after May 11, 2009.

Fourth, the Court addresses defendants' contention that plaintiffs are asking defendants to produce documents pertaining to specific alleged service providers to the plans as to which "there is little doubt that to the extent such documents exist for the time period previously agreed upon by the parties, *i.e.*, September 29, 2000 to September 28, 2006, they have already been produced." (JS 2). Plaintiffs represent that they do not request the reproduction of documents previously produced. (Kelly Decl. ¶ 14). To the extent defendants have previously produced documents responsive to the Second Document Requests, defendants need not produce them again.

Fifth, the Court addresses defendants' contention that plaintiffs improperly seek unredacted versions of documents which have been redacted to exclude irrelevant information regarding other plans. This Court, consistent with its prior ruling on this topic (Docket No. 255), denies Defendants' Motion to the extent defendants request that they be relieved from producing unredacted versions of documents which have been redacted based solely on relevance and which have not been withheld on some other basis which the Court has either deemed appropriate or has not addressed.

///

---

[2] While this Court recognizes that Plaintiffs' Ex Parte Application to Amend Scheduling Order, if granted, could alter the trial date, any such continuance of the trial date would not alter this Court's conclusion that May 11, 2009, is the appropriate end date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-6213 MMM(JCx) | Date | July 19, 2010 |
|---|---|---|---|
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

Sixth, the Court addresses defendants' contention that RFPs 34-54, impermissibly seek documents which are not relevant to the claims in the operative First Amended Complaint, but instead, are addressed to the claims in the proposed second amended complaint.[3] Plaintiffs characterize such requests as seeking "documents related to service providers that Plaintiffs specifically allege provided impermissible benefits to the Defendants at the expense of the Plan participants." (JS 3; Kelly Decl. ¶ 2). As the First Amended Complaint does not so "specifically allege," this Court presumes plaintiffs refer to the allegations contained in the proposed second amended complaint. However, this Court's analysis is, and absent an order from the District Judge authorizing the filing of the proposed second amended complaint, must be framed by the operative First Amended Complaint.

With the foregoing in mind, this Court considers whether RFPs 34-54 seek documents relevant to the claims contained in the First Amended Complaint. Although clearly not the focus of the First Amended Complaint, this Court cannot say that documents evidencing the provision of impermissible benefits to defendants at the expense of participants in the ERISA Plans in Issue are not relevant to the claims contained in the First Amended Complaint. As noted above, the First Amended Complaint alleges, among other things, that defendants breached their fiduciary duty to plaintiffs by causing the ERISA Plans in Issue to enter into agreements with service providers under which the plans paid fees and expenses that were unreasonable and/or not incurred solely for the benefit of the plans' participants and allowing and causing the plans to pay fees and expenses that were unreasonable and/or not incurred solely for the benefit of the plans' participants. Documents which evidence that someone other than the participants in the ERISA Plans in Issue benefitted from the fees/expenses are relevant to the breach of fiduciary duty claims to the extent predicated upon the foregoing allegations. Further, even though the First Amended Complaint does not contain allegations of, and does not appear to be predicated upon self-dealing, this does not alter the fact that self-dealing, if shown, would be relevant to establish a motive/explanation for the alleged breach of fiduciary duty. Accordingly, this Court concludes that plaintiffs are entitled to some discovery on such topic under the currently operative First Amended Complaint (*e.g.*, documents sufficient to reflect whether, and the extent to which defendants received preferential discounts and/or services from each of the specified entities, and the reasons/bases therefor).

However, the Court views the current requests to be overbroad (and would so conclude even if the proposed second amended complaint was the operative pleading). Rather than attempting to narrow these requests itself, the Court believes it appropriate to direct the parties to meet and confer regarding narrowing the scope of such requests in light of the guidance afforded herein and to deny Defendants' Motion to the extent defendants seek to be entirely relieved of responding to/producing documents responsive to these requests (without prejudice to the assertion of overbreadth/relevance objections in defendants' responses thereto).

---

[3] The requests in issue essentially seek all documents regarding or in any way related to the past and present investment managers for funds/investment managers and their subsidiaries and affiliates, including but not limited to contracts, agreements, fee schedules, correspondence, bills, invoices, descriptions of services provided, presentations, notes, meetings, minutes, and payments, also including those documents relating to the/any and all services provided, and fees charged, by those investment managers to other plans or accounts owned, beneficially owned, or sponsored by Northrup Grumman, including all defined benefit plans, VEBA, Rabbi 1 and Rabbi II plans.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-6213 MMM(JCx) | Date | July 19, 2010 |
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

    2.    Defendants' Motion is granted to the extent it seeks a Protective Order quashing the Second Document Requests to the extent such requests seek documents which defendants have already produced.

    3.    Defendants' Motion is denied to the extent defendants request that they be relieved from producing unredacted versions of documents which have been redacted based solely on relevance and which have not been withheld on some other basis which the Court has either deemed appropriate or has not addressed.

    4.    Defendants' Motion is denied to the extent defendants seek to be entirely relieved of responding to/producing documents responsive to RFPs 34-54 (without prejudice to the assertion of overbreadth/relevance objections in defendants' responses thereto).

    5.    The parties are directed to meet and confer to attempt to agree upon a manner in which to narrow RFPs 34-54.

    6.    Defendants' requests for cost-shifting and for costs and fees incurred in bringing Defendants' Motion are denied as the Court finds that the circumstances present here would make any such orders unjust.

    IT IS SO ORDERED.

Initials of Deputy Clerk: kc