1  Nancy G. Ross (*Pro Hac Vice*)
   nross@mwe.com
2  McDERMOTT WILL & EMERY LLP
   227 West Monroe Street
3  Chicago, IL  60606-5096
   Telephone:  312.372.2000
4  Facsimile:  312.984.7700

5  Chris C. Scheithauer (State Bar No. 184798)
   cscheithauer@mwe.com
6  McDERMOTT WILL & EMERY LLP
   18191 Von Karman Avenue, Suite 500
7  Irvine, CA  92612-7108
   Telephone:  949.851.0633
8  Facsimile:  949.851.9348

9  Attorneys for defendants

10

11                     UNITED STATES DISTRICT COURT

12                     CENTRAL DISTRICT OF CALIFORNIA

13

14  IN RE NORTHROP GRUMMAN           Master File No. 06-CV-6213 MMM(JCx)
    CORPORATION ERISA
    LITIGATION                       **ANSWER TO PLAINTIFFS'
15                                   REVISED CONSOLIDATED
                                     SECOND AMENDED COMPLAINT
16  THIS DOCUMENT RELATES TO:        FOR BREACH OF FIDUCIARY
                                     DUTY**
17  All Actions
                                     [Courtroom of the Honorable
18                                   Margaret M. Morrow]

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

McDermott Will & Emery LLP
ATTORNEYS AT LAW
IRVINE

1   Defendants Northrop Grumman Corporation Savings Plan Administrative

2   Committee, J. Michael Hateley, Ian Ziskin, Dennis Wootan, Northrop Grumman

3   Corporation Savings Plan Investment Committee, Ryan Hamlin, and Rose Mary

4   Abelson, (hereinafter collectively "defendants") hereby answer Plaintiffs'

5   Consolidated Second Amended Complaint for Breach of Fiduciary Duty (the

6   "SAC") filed by Gary Grabek, Mark A. Geuder, Andrew Heidecker, Richard Black,

7   Dwite Russell and Julie Spicer (hereinafter "plaintiffs") which was filed on or about

8   August 20, 2010.

9   1.   In answer to paragraph 1 of the SAC, defendants admit that the *Grabek*

10   (06-CV-6213) and *Heidecker* (07-CV-0153) cases were consolidated into this case

11   and that the pursuant to Court order, the plaintiffs were permitted to file a

12   consolidated second amended complaint.  Defendants are without knowledge

13   sufficient to form a belief as to plaintiffs' intent and, on that basis, deny each and

14   every remaining allegation contained in paragraph 1 of the SAC.

15   2.   In answer to paragraph 2 of the SAC, defendants admit that plaintiffs

16   purport to bring this action pursuant to § 502(a) of ERISA, 29 U.S.C. § 1132(a),

17   claiming to seek recovery for alleged breaches of fiduciary duties in connection

18   with the Northrop Grumman Savings Plan ("NGSP") and the Northrop Grumman

19   Financial Security and Savings Program ("FSSP").  Defendants deny that this case

20   has been certified, or is appropriate, for class action treatment.  Defendants further

21   deny that plaintiffs seek to recover losses for the NGSP or FSSP on a plan wide

22   basis rather than individual relief and seek appropriate equitable relief.

23   3.   In answer to paragraph 3 of the SAC, defendants lack knowledge

24   sufficient to form a belief as to the truth of the allegations contained in paragraph 3

25   and, on that basis, deny each and every allegation contained therein.

26   4.   In answer to paragraph 4 of the SAC, defendants lack knowledge

27   sufficient to form a belief as to the truth of the allegations contained in paragraph 4

28   and, on that basis, deny each and every allegation contained therein.

5.    In answer to paragraph 5 of the SAC, defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and, on that basis, deny each and every allegation contained therein.

6.    In answer to paragraph 6 of the SAC, defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and, on that basis, deny each and every allegation contained therein.

7.    In answer to paragraph 7 of the SAC, defendants admit that plaintiffs Grabek, Gueder, Heidecker and Black are participants in the NGSP.

8.    In answer to paragraph 8 of the SAC, defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, on that basis, deny each and every allegation contained therein.

9.    In answer to paragraph 9 of the SAC, defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, on that basis, deny each and every allegation contained therein.

10.    In answer to paragraph 8 of the SAC, defendants admit that plaintiffs Russell and Spicer are participants in the FSSP.

11.    In answer to paragraph 11 of the SAC, defendants state that Northrop Grumman Corporation is not a defendant and that any attempt by Plaintiffs' to characterize it as such is erroneous and misleading.  Northrop Grumman Corporation is not responding to the SAC.  Defendants admit the Northrop Grumman Corporation is the sponsor of the NGSP and FSSP.  Defendants admit that the Investment & Trust Administration ("ITA") Department is a department within Northrop Grumman Corporation that is comprised of Northrop Grumman Corporation employees.  Defendants further admit that the ITA Department has some plan administration duties.  Except as expressly admitted, defendants deny each and every remaining allegation contained in paragraph 11 of the SAC.

McDermott Will & Emery LLP
Attorneys At Law
Irvine

Answer to Revised Consolidated Second
Amended Complaint

06-CV-6213 MMM(JCx)

12.     In answer to paragraph 12 of the SAC, defendants admit that ITA performed certain functions but deny each and every remaining allegation in paragraph 12 of the SAC.

13.     In answer to paragraph 13 of the SAC, defendants deny the allegations contained therein.

14.     In answer to paragraph 14 of the SAC, defendants deny the allegations contained therein.

15.     In answer to paragraph 15 of the SAC, defendants admit that the Administrative Committees are "named fiduciaries" under ERISA for purposes other than investment matters.  Defendants further admit that the Administrative Committees have as members certain officers of Northrop Grumman Corporation. Defendants further respond that to the extent that paragraph 15 of the SAC states legal conclusions, no response is required.  Except as expressly admitted, defendants deny each and every remaining allegation contained in paragraph 15 of the SAC.

16.     In answer to paragraph 16 of the SAC, defendants admit that J. Michael Hateley was at one time Corporate Vice President of Northrop and was Chief Human Resources and Administrative Officer of Northrop Grumman. Defendants further admit that Mr. Hateley was previously a member of the Administrative Committee.  Defendants further respond that to the extent that paragraph 16 of the SAC states legal conclusions, no response is required.  Except as expressly admitted, defendants deny each and every remaining allegation contained in paragraph 16 of the SAC.

17.     In answer to paragraph 17 of the SAC, defendants admit that Ian Ziskin previously served as the Chair of the Administrative Committee and was the Corporate Vice President and Chief Human Resources and Administrative Officer for Northrop Grumman Corporation.  Defendants further respond that to the extent that paragraph 17 of the SAC states legal conclusions, no response is required.

McDermott Will & Emery LLP
Attorneys At Law
Irvine

1    Except as expressly admitted, defendants deny each and every remaining allegation
2    contained in paragraph 17 of the SAC.

3        18.    In answer to paragraph 18 of the SAC, defendants admit that Dennis
4    Wootan previously served as the Secretary of the Administrative Committee.
5    Defendants further respond that to the extent that paragraph 18 of the SAC states
6    legal conclusions, no response is required.  Except as expressly admitted,
7    defendants deny each and every remaining allegation contained in paragraph 18 of
8    the SAC.

9        19.    In answer to paragraph 19 of the SAC, defendants admit that the
10   Investment Committee has as its members employees and officers of Northrop
11   Grumman Corporation.  Defendants further admit that the Investment Committee
12   has certain plan administration duties as set forth in the Plan documents and selects
13   investment options.  Defendants further respond that to the extent that paragraph 19
14   of the SAC states legal conclusions, no response is required.  Except as expressly
15   admitted, defendants deny each and every remaining allegation contained in
16   paragraph 19 of the SAC.

17       20.    In answer to paragraph 20 of the SAC, defendants admit that Ryan
18   Hamlin is Northrop Grumman Corporation's Corporate Director, Investments, and
19   is the Secretary of the Investment Committee.  Defendants further respond that to
20   the extent that paragraph 20 of the SAC states legal conclusions, no response is
21   required.  Except as expressly admitted, defendants deny each and every remaining
22   allegation contained in paragraph 20 of the SAC.

23       21.    In answer to paragraph 21 of the SAC, defendants admit that Rose
24   Mary Abelson was previously a member of the Investment Committee.  Defendants
25   further respond that to the extent that paragraph 21 of the SAC states legal
26   conclusions, no response is required.  Except as expressly admitted, defendants
27   deny each and every remaining allegation contained in paragraph 21 of the SAC.

28

McDermott Will & Emery LLP
Attorneys At Law
Irvine

Answer to Revised Consolidated Second
Amended Complaint                           - 4 -                    06-CV-6213 MMM(JCx)

22.     In answer to paragraph 22 of the SAC, defendants admit that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1)(2).  Except as expressly admitted, defendants deny each and every remaining allegation contained in paragraph 22 of the SAC.

23.     In answer to paragraph 23 of the SAC, defendants state that paragraph 23 of the SAC asserts legal conclusions for which no response is required.

24.     In answer to paragraph 24 of the SAC, defendants admit that venue is proper in the Central District of California.  Except as expressly admitted, defendants respond to the extent that paragraph 24 of the SAC states legal conclusions, no response is required.  Defendants deny each and every remaining allegation contained in paragraph 24 of the SAC.

25.     In answer to paragraph 25 of the SAC, defendants admit that plaintiffs seek to represent the participants in the NGSP and FSSP as alleged.  Defendants expressly deny that this case is appropriate for class action treatment.  Except as expressly admitted, defendants deny each and every remaining allegation contained in paragraph 25 of the SAC.

26.     In answer to paragraph 26 of the SAC, defendants deny each and every allegation contained therein.

27.     In answer to paragraph 27 of the SAC, defendants deny each and every allegation contained therein.

28.     In answer to paragraph 28 of the SAC, defendants respond that to the extent that paragraph 28 of the SAC states legal conclusions, no response is required.  Defendants lack information or belief as to plaintiffs' subjective intent as to how they are planning to notify a class.

29.     In answer to paragraph 29 of the SAC, defendants admit that Northrop Grumman Corporation offers certain of its eligible employees the opportunity to participate in the NGSP and FSSP.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

30.     In answer to paragraph 30 of the SAC, defendants admit that the NGSP and FSSP are defined contribution plans commonly referred to as "401(k) plans." Defendants further admit that the Northrop Grumman Defined Contributions Master Trust holds the assets of the NGSP and FSSP. Except as expressly admitted, defendants deny each and every remaining allegation contained in paragraph 30 of the SAC.

31.     In answer to paragraph 31 of the SAC, defendants admit that employees participating in the NGSP and FSSP may choose to invest contributions in the various funds listed, in addition to other funds not referenced in the SAC. Defendants further admit that the Investment Committee approved the available core investment options other than the Company Stock Fund. Except as expressly admitted, defendants deny each and every remaining allegation contained in paragraph 31 of the SAC.

32.     In answer to paragraph 32 of the SAC, defendants admit that participating employees were previously offered options which have since been removed from the Plan, including the Equity Index Fund, High-Yield Bond Fund, and the International Bond Fund. Defendants deny plaintiffs' categorization of the "relevant time period." Except as expressly admitted, defendants deny each and every remaining allegation contained in paragraph 32 of the SAC.

33.     In answer to paragraph 33 of the SAC, defendants admit that both the NGSP and FSSP pay fees to the investment managers for the funds in the Plans. Except as expressly admitted, defendants deny each and every remaining allegation contained in paragraph 33 of the SAC.

34.     In answer to paragraph 34 of the SAC, defendants admit that both the NGSP and FSSP pay fees for administrative services, such as recordkeeping and trustee services, which are paid by the Plans through an allocation of charges to investment options, and that such fees are separate and in addition to the investment

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

1   management fees.  Except as expressly admitted, defendants deny each and every

2   remaining allegation contained in paragraph 34 of the SAC.

3       35.     In answer to paragraph 35 of the SAC, defendants admit that the

4   Administrative Committee and Investment Committee have certain discretion over

5   the Plans.  Except as expressly admitted, defendants deny each and every remaining

6   allegation contained in paragraph 35 of the SAC.

7       36.     In answer to paragraph 36 of the SAC, defendants admit that the

8   Administrative Committee and the Investment Committee are "named fiduciaries"

9   as described in the Plans.  Defendants further respond that to the extent that the

10  remaining allegations in paragraph 36 of the SAC states legal conclusions, no

11  response is required.

12      37.     In answer to paragraph 37 of the SAC, defendants state that paragraph

13  37 of the SAC asserts legal conclusions for which no response is required.

14      38.     In answer to paragraph 38 of the SAC, defendants state that paragraph

15  38 of the SAC asserts legal conclusions for which no response is required.

16      39.     In answer to paragraph 39 of the SAC, defendants state that paragraph

17  39 of the SAC asserts legal conclusions for which no response is required.

18      40.     In answer to paragraph 40 of the SAC, defendants state that paragraph

19  40 of the SAC asserts legal conclusions for which no response is required.

20      41.     In answer to paragraph 41 of the SAC, defendants state that paragraph

21  41 of the SAC asserts legal conclusions for which no response is required.

22      42.     In answer to paragraph 42 of the SAC, defendants state that paragraph

23  42 of the SAC asserts legal conclusions for which no response is required.

24      43.     In answer to paragraph 43 of the SAC, defendants admit that the Plans

25  offer participating employees the opportunity to invest in the Northrop Grumman

26  Stock Fund.  Except as expressly admitted herein, defendants deny each and every

27  remaining allegation in paragraph 43 of the SAC.

28

McDermott Will & Emery LLP
ATTORNEYS AT LAW
IRVINE

44.     In answer to paragraph 44 of the SAC, defendants admit that a purpose of the Northrop Grumman Stock Fund is to allow participants to invest in Northrop Grumman stock.  Except as expressly admitted herein, defendants deny each and every remaining allegation in paragraph 44 of the SAC.

45.     In answer to paragraph 45 of the SAC, defendants admit that State Street was retained as an investment manager of the Northrop Stock Fund and that State Street was paid investment management fees for such services.  Except as expressly admitted herein, defendants deny each and every remaining allegation in paragraph 45 of the SAC.

46.     In answer to paragraph 46 of the SAC, defendants admit that the only stock held by the Northrop Grumman Stock Fund for the period alleged was Northrop Grumman stock and that State Street was paid investment management fees for its services.  Except as expressly admitted herein, defendants deny each and every remaining allegation in paragraph 46 of the SAC.

47.     In answer to paragraph 47 of the SAC, defendants deny each and every allegation contained therein.

48.     In answer to paragraph 48 of the SAC, defendants deny each and every allegation contained therein.

49.     In answer to paragraph 49 of the SAC, defendants admit that State Street Global Advisors Group provides asset management services to certain retirement plans of Northrop Grumman Corporation.  Except as expressly admitted herein, defendants deny each and every remaining allegation in paragraph 49 of the SAC.

50.     In answer to paragraph 50 of the SAC, defendants state that paragraph 50 of the SAC asserts legal conclusions for which no response is required.

51.     In answer to paragraph 51 of the SAC, defendants deny each and every allegation contained therein.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

1   52.   In answer to paragraph 52 of the SAC, defendants admit that the

2   Northrop Grumman Stock Fund incurred administrative fees.  Defendants deny

3   each and every remaining allegation contained in paragraph 52 of the SAC.

4   53.   In answer to paragraph 53 of the SAC, defendants deny each and every

5   allegation contained therein.

6   54.   In answer to paragraph 54 of the SAC, defendants admit that the Plans

7   paid reasonable investment management fees as well as reasonable fees to Northrop

8   for necessary services provided to the Plans.  Defendants deny each and every

9   remaining allegation contained in paragraph 54 of the SAC.

10   55.   In answer to paragraph 55 of the SAC, defendants deny each and every

11   allegation contained therein.

12   56.   In answer to paragraph 56 of the SAC, defendants admit that

13   investment management fees, as a percentage of assets, can decline as asset size

14   increases.  Defendants deny each and every remaining allegation contained in

15   paragraph 56 of the SAC.

16   57.   In answer to paragraph 57 of the SAC, defendants deny each and every

17   allegation contained therein.

18   58.   In answer to paragraph 58 of the SAC, defendants deny each and every

19   allegation contained therein.

20   59.   In answer to paragraph 59 of the SAC, defendants deny each and every

21   allegation contained therein.

22   60.   In answer to paragraph 60 of the SAC, defendants deny each and every

23   allegation contained therein.

24   61.   In answer to paragraph 61 of the SAC, defendants admit that certain

25   administrative expenses of the Plans were paid for by the Plans and were charged as

26   a percentage basis against the investment options.  Except as expressly admitted

27   herein, defendants deny each and every remaining allegation in paragraph 61 of the

28   SAC.

McDermott Will & Emery LLP
ATTORNEYS AT LAW
IRVINE

62.     In answer to paragraph 62 of the SAC, defendants respond that to the extent that paragraph 62 of the SAC states legal conclusions, no response is required.  Defendants expressly deny that all the defendants had any responsibility with regard to administrative fees.

63.     In answer to paragraph 63 of the SAC, defendants admit that some of the administrative charges incurred by the Plans were for necessary services provided by Northrop employees.  Except as expressly admitted herein, defendants deny each and every remaining allegation in paragraph 63 of the SAC.

64.     In answer to paragraph 64 of the SAC, defendants state that paragraph 64 of the SAC asserts legal conclusions for which no response is required.

65.     In answer to paragraph 65 of the SAC, defendants deny each and every allegation contained therein.

66.     In answer to paragraph 66 of the SAC, defendants admit that Gildner & Associates provided benchmarking of the administrative costs in April 2002. Except as expressly admitted herein, defendants deny each and every remaining allegation in paragraph 66 of the SAC.

67.     In answer to paragraph 67 of the SAC, defendants admit that Gildner & Associates provided benchmarking of the administrative costs at various times. Except as expressly admitted herein, defendants deny each and every remaining allegation in paragraph 67 of the SAC.

68.     In answer to paragraph 68 of the SAC, defendants deny each and every allegation contained therein.

69.     In answer to paragraph 69 of the SAC, defendants deny each and every allegation contained therein.

70.     In answer to paragraph 70 of the SAC, defendants deny each and every allegation contained therein.

71.     In answer to paragraph 71 of the SAC, defendants deny each and every allegation contained therein.

72.     In answer to paragraph 72 of the SAC, defendants deny each and every allegation contained therein.

73.     In answer to paragraph 73 of the SAC, defendants deny each and every allegation contained therein.

74.     In answer to paragraph 74 of the SAC, defendants deny each and every allegation contained therein.

75.     In answer to paragraph 75 of the SAC, defendants state that paragraph 75 of the SAC asserts legal conclusions for which no response is required.

76.     In answer to paragraph 76 of the SAC, defendants deny each and every allegation contained therein.

77.     In answer to paragraph 77 of the SAC, defendants deny that all defendants were involved in the selection or monitoring of the investment managers.

78.     In answer to paragraph 78 of the SAC, defendants deny each and every allegation contained therein.

79.     In answer to paragraph 79 of the SAC, defendants deny each and every allegation contained therein.

80.     In answer to paragraph 80 of the SAC, defendants respond that to the extent that paragraph 80 of the SAC states legal conclusions, no response is required.

81.     In answer to paragraph 81 of the SAC, defendants deny each and every allegation contained therein.

82.     In answer to paragraph 82 of the SAC, defendants deny each and every allegation contained therein.

83.     In answer to paragraph 83 of the SAC, defendants deny each and every allegation contained therein.

84.     In answer to paragraph 84 of the SAC, defendants deny each and every allegation contained therein.

McDermott Will & Emery LLP
ATTORNEYS AT LAW
IRVINE

85.     In answer to paragraph 85 of the SAC, defendants deny each and every allegation contained therein.

86.     In answer to paragraph 86 of the SAC, defendants respond that to the extent that paragraph 86 of the SAC states legal conclusions, no response is required.  To the extent a response is required defendants deny each and every allegation therein.

87.     In answer to paragraph 87 of the SAC, defendants deny each and every allegation contained therein.

88.     In answer to paragraph 88 of the SAC, defendants deny each and every allegation contained therein.

89.     In answer to paragraph 89 of the SAC, defendants deny each and every allegation contained therein.

90.     In answer to paragraph 90 of the SAC, defendants deny each and every allegation contained therein.

91.     In answer to paragraph 91 of the SAC, defendants deny each and every allegation contained therein.

92.     In answer to paragraph 92 of the SAC defendants deny each and every allegation contained therein.

93.     In answer to paragraph 93 of the SAC, defendants repeat and incorporate herein their answers to paragraphs 1 through 92 of this Answer as if fully set forth herein.

94.     In answer to paragraph 94 of the SAC, defendants deny each and every allegation contained therein.

95.     In answer to paragraph 95 of the SAC, defendants deny each and every allegation contained therein.

96.     In answer to paragraph 96 of the SAC, defendants deny each and every allegation contained therein.

McDermott Will & Emery LLP
ATTORNEYS AT LAW
IRVINE

1   97.     In answer to paragraph 97 of the SAC, defendants deny each and every

2   allegation contained therein.

3   98.     In answer to paragraph 98 of the SAC, defendants repeat and

4   incorporate herein their answers to paragraphs 1 through 97 of this Answer as if

5   fully set forth herein.

6   99.     In answer to paragraph 99 of the SAC, defendants deny each and every

7   allegation contained therein.

8   100.    In answer to paragraph 100 of the SAC, defendants respond that to the

9   extent that paragraph 100 of the SAC states legal conclusions, no response is

10  required.

11  101.    In answer to paragraph 101 of the SAC, defendants respond that to the

12  extent that paragraph 101 of the SAC states legal conclusions, no response is

13  required.  To the extent that a response is required, defendants deny each and every

14  allegation contained therein.

15  102.    In answer to paragraph 102 of the SAC, defendants respond that to the

16  extent that paragraph 102 of the SAC states legal conclusions, no response is

17  required.  To the extent that a response is required, defendants deny each and every

18  allegation contained therein.

19  103.    In answer to paragraph 103 of the SAC, defendants deny each and

20  every allegation contained therein.

21  104.    In answer to paragraph 104 of the SAC, defendants respond that to the

22  extent that paragraph 104 of the SAC states legal conclusions, no response is

23  required.  To the extent that a response is required, defendants deny each and every

24  allegation contained therein

25  105.    In answer to paragraph 105 of the SAC, defendants deny each and

26  every allegation contained therein.

27  106.    In answer to paragraph 106 of the SAC, defendants deny that plaintiffs

28  are unable to obtain access to such information.  Except as expressly admitted

McDermott Will & Emery LLP
Attorneys At Law
Irvine

1  herein, defendants deny each and every remaining allegation in paragraph 106 of

2  the SAC.

3      107.   In answer to paragraph 107 of the SAC, defendants deny that plaintiffs

4  are entitled to the relief sought.

5      108.   In answer to paragraph 108 of the SAC, defendants deny that plaintiffs

6  are entitled to the relief sought.

7      109.   In answer to paragraph 109 of the SAC, defendants deny that plaintiffs

8  are entitled to the relief sought.

9      110.   In answer to paragraph 110 of the SAC, defendants deny that plaintiffs

10  are entitled to the relief sought.

11      111.   In answer to paragraph 111 of the SAC, defendants deny that plaintiffs

12  are entitled to the relief sought.

13              **<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

14      Defendants give notice that they assert the following defenses as a matter of

15  law and/or supported by facts to be determined through discovery.  By alleging the

16  Affirmative and Other Defenses set forth below, defendants are not in any way

17  agreeing or conceding that they have the burden of proof or burden of persuasion

18  that would otherwise rest on plaintiffs.

19  **<u>FIRST DEFENSE</u>**  - (Failure to State a Claim)

20      The SAC, and each count thereof, fails to state a claim upon which relief may

21  be granted.

22  **<u>SECOND DEFENSE</u>** - (Failure to Exhaust Administrative Remedies)

23      Plaintiffs are not entitled to the relief sought under ERISA because they have

24  failed to exhaust applicable Plan administrative remedies.

25  **<u>THIRD DEFENSE</u>** - (Plan Sponsor Duties)

26      Plaintiffs' ERISA claims are barred, in whole or in part, because, as a

27  sponsor of the relevant Plans, the employer and others acting on its behalf, acted in

28  their capacity as a "settlor" of the Plan, not as a fiduciary, for the acts and the

McDermott Will & Emery LLP
Attorneys At Law
Irvine

Answer to Revised Consolidated Second
Amended Complaint

- 14 -

06-CV-6213 MMM(JCx)

periods alleged in the SAC.

**FOURTH DEFENSE** - (Not a Fiduciary)

Plaintiffs claims are barred, in whole or in part, because some or all of the defendants were not acting as fiduciaries to the Plan and did not have fiduciary responsibility for the statements, acts or omissions alleged in the SAC.

**FIFTH DEFENSE** - (Two Hats Rule)

Plaintiffs' claims are barred, in whole or in part, because the statements or acts upon which plaintiffs base their claims were not made or performed in a fiduciary capacity.

**SIXTH DEFENSE** - (No Fiduciary Duty Breached)

This action is barred, in whole or in part, because defendants did not breach any fiduciary duty owed to plaintiffs.

**SEVENTH DEFENSE** - (Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations, including, but not limited to, ERISA § 413(a), 29 U.S.C. § 1113(a).

**EIGHTH DEFENSE** - (Accord and Satisfaction)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**NINTH DEFENSE** - (ERISA § 404(c))

To the extent that the Plans constituted a participant-directed individual account plan, within the meaning of § 404(c) of ERISA and 29 C.F.R. § 2550.404c-1, the defendants are relieved of liability for any losses incurred that are the direct and necessary result of investment instructions placed by a participant (or beneficiary, as the case may be).

**TENTH DEFENSE** - (No Reliance)

Plaintiffs are not entitled to the relief sought because they have not relied on any alleged misrepresentations or omissions made by defendant.

**ELEVENTH DEFENSE** - (Materiality)

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

1  Defendants are not liable to plaintiffs because any alleged misrepresentation

2  omission or other conduct alleged was not material.

3  **TWELFTH DEFENSE** - (Lack of Scienter)

4  Plaintiffs' claims for non-disclosure and misrepresentation, or claims based

5  on allegations of non-disclosure and misrepresentation, are barred, in whole or in

6  part, because defendants lacked the requisite scienter, including specific intent and

7  willfulness, necessary to establish "fraud," non-disclosure and misrepresentation.

8  **THIRTEENTH DEFENSE** - (Good Faith Reliance on Third Parties)

9  This action is barred, in whole or in part, because the defendants acted in

10  good faith and in reliance upon representations of and information provided by

11  others.

12  **FOURTEENTH DEFENSE** - (Laches, Waiver, Estoppel)

13  Plaintiffs' claims are barred, in whole or in part, under the doctrines of

14  laches, waiver and estoppel.

15  **FIFTEENTH DEFENSE** - (Do Not Seek Plan-Wide Relief)

16  Plaintiffs' claims are barred, in whole or in part, because they do not properly

17  seek relief on behalf of the Plans as a whole.

18  **SIXTEENTH DEFENSE** - (Improperly Seeking Individual Relief)

19  The SAC improperly seeks individual monetary relief, not available under

20  ERISA, to recover alleged losses to each named plaintiff's individual account.

21  **SEVENTEENTH DEFENSE** - (Limited To Equitable Relief)

22  Plaintiffs are not entitled to monetary damages under ERISA.

23  **EIGHTEENTH DEFENSE** - (No Damages)

24  Plaintiffs are not entitled to the relief sought because the conduct alleged in

25  the SAC did not cause them to suffer any permanent pecuniary or material loss.

26  **NINETEENTH DEFENSE** - (Lack of Causation)

27  Plaintiffs are not entitled to the relief sought because the conduct alleged in

28  the SAC did not cause any harm to plaintiffs.

**TWENTIETH DEFENSE** – (502(2)(3) Claim Is Not Appropriate)

Plaintiffs claim for "other appropriate equitable relief" for breach of fiduciary duty under ERISA § 502(a)(3) is barred because plaintiffs already have an adequate remedy available.

**TWENTY-FIRST DEFENSE** - (Failure to Mitigate Damages)

Plaintiffs' alleged damages, if any, are barred, in whole or in part, because they have failed to exercise reasonable care and diligence to mitigate their alleged damages.

**TWENTY-SECOND DEFENSE** - (Complied With Required Disclosures)

Plaintiffs' claims are barred, in whole or in part, because plaintiffs received all disclosures required by ERISA.

**TWENTY-THIRD DEFENSE** - (No Underlying Breach Of A Fiduciary Duty)

Plaintiffs have failed to state a claim for breach of a duty to monitor because there was no underlying breach of a fiduciary duty by the fiduciaries being monitored.

**TWENTY-FOURTH DEFENSE** - (Not A Class Action)

Plaintiffs cannot meet the requirements for maintaining a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because, among other reasons, plaintiffs cannot establish the following: (a) the required numerosity of the class; (b) questions of law and fact common to the alleged class; (c) that plaintiffs' claims are typical of the claims of the alleged class; or (d) that plaintiffs will fairly and adequately protect the interests of the class.

**TWENTY-FIFTH DEFENSE** - (Improper Class Period)

Plaintiffs' claims are barred, in whole or in part, because the purported class definition and class period are not properly defined by plaintiffs.

**TWENTY-SIXTH DEFENSE** - (Adequate Remedy At Law)

Plaintiffs' claims for injunctive relief are barred because plaintiffs have an adequate remedy at law.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

**TWENTY-SEVENTH DEFENSE** – (Releases)

To extent plaintiffs seek relief on behalf of the Plan or a class of Plan participants for any losses sustained by the Plan or by the Plan participants in their individual accounts, such claims against defendants are barred, in whole or in part, to the extent that members of the purported class have signed releases.

**TWENTY-EIGHTH DEFENSE** - (Reasonable and Necessary Expenses)

All fees and expenses incurred by the Plans and paid with Plan assets were both reasonable and necessary for the operation of the Plan and for the benefit of the Plans participants.

**TWENTY-NINTH DEFENSE** - (Reservation of Rights)

Defendants have insufficient knowledge or information upon which to form a belief as to whether he may have additional, as yet unstated, separate defenses available.  Defendants reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories which may or will be divulged through clarification of plaintiffs' SAC, through discovery, or through further legal analysis of plaintiffs' positions in this litigation.

WHEREFORE, the defendants pray that this Honorable Court order: (1) that plaintiffs take nothing pursuant to their Consolidated Second Amended Complaint against defendants; (2) that defendants be awarded judgment, its costs of suit and attorneys' fees herein; and (3) such other and further relief as this Court deems just and proper.

Dated:  September 22, 2010

MCDERMOTT WILL & EMERY LLP
Nancy G. Ross
Chris C. Scheithauer

By:  /s/ Chris C. Scheithauer
Chris C. Scheithauer
Attorneys for Defendants

DM_US 26538912-1.071494.0013