UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6213 MMM(JCx) | Date | January 24, 2011 |
|---|---|---|---|
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | | |
|---|---|---|---|
| Kimberly I. Carter | None | | None |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL (DOCKET NO. 294)**

**I.   SUMMARY**

Pending before this Court is Defendants' Motion to Compel Plaintiffs to Provide Responsive Answers to Requests for Admission (Set One) and Request for Sanctions ("Defendants' Motion").[1]

Pursuant to Fed. R. Civ. P. 78 and Local Rule 7-15, the Court has determined that Defendants' Motion is appropriate for decision without oral argument and has submitted the matter.

Based upon the Court's consideration of the parties' submissions and the applicable law, and as further detailed below, the Court grants in part and denies in part Defendants' Motion.

**II.   DISCUSSION**

Defendants' Motion seeks to compel plaintiffs Gary Grabek, Mark A. Geuder, Dwite Russell and Julie Spicer to provide full and complete further supplemental responses, without objection, to defendants' Request for Admissions (Set One) ("RFA") Nos. 5, 6, 9, 13, 18, 20, 25, 26, 28, 30, 31, 32, 34, 35, 36, 40, 41, 44, 45, 46, 51-56, 59-76, 88, 89, 93, 95, 97-103, 107-136 (collective "RFAs in Issue"). Defendants also request that the Court overrule plaintiffs' objections and award them monetary sanctions in the amount of $3700, for reasonable expenses and fees incurred by defendants in bringing the instant motion.

First, the Court addresses the parties' dispute with respect to plaintiffs' obligations regarding information solely within the possession of plaintiffs' counsel. While this Court has previously indicated that facts which are otherwise discoverable do not become privileged or protected by the

---

[1] The parties submitted the following documents in connection with Defendants' Motion: (1) a Joint Stipulation; (2) a declaration of Chris C. Scheithauer with exhibits; and (3) Defendants' Supplemental Memorandum in Support of Defendants' Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6213 MMM(JCx) | Date | January 24, 2011 |
|---|---|---|---|
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

attorney work product doctrine merely because they have been discovered by or are solely within the knowledge of a party's attorney, the Court did not intend to suggest that all information known to plaintiffs' counsel is automatically imputed to plaintiffs and therefore, discoverable. It is this Court's view that information acquired within the scope of plaintiffs' counsel's agency relationship with plaintiffs is imputed to plaintiffs (even if not independently known to plaintiffs) and is discoverable, but that other information known to plaintiffs' counsel – particularly information known to counsel by virtue of the representation of other clients, is not imputed to plaintiffs.[2] To the extent plaintiff's General Objections 4 and 5 encompass information which is known only to plaintiffs' counsel and was acquired within the scope of plaintiffs' counsel's agency relationship with plaintiffs, such objections are overruled. To the extent plaintiffs' responses to the RFAs in Issue do not encompass information acquired within the scope of plaintiffs' counsel's agency relationship with plaintiffs, plaintiffs are ordered to provide supplemental responses to the RFAs in Issue which do so.

      Second, the Court addresses plaintiffs' objections that assert that the RFAs in Issue are "vague and ambiguous." Except as set forth below, such objections are overruled because the Court does not find the RFAs in Issue to be vague and ambiguous. To the extent plaintiffs view terms used in the RFAs to be vague and ambiguous, plaintiffs can qualify their responses by including plaintiffs' understanding of the terms.

      Third, plaintiffs' objections that assert that RFAs in Issue require admissions of law or call for a legal conclusion are overruled. While some of the RFAs in Issue may call for plaintiffs to admit or deny facts which are *predicates* for legal defenses, and mixed questions of law and fact, the Court finds nothing improper in this regard. The RFAs in Issue do not appear to this Court to call for pure admissions of law or legal conclusions.

      Finally, to the extent the Court orders plaintiffs to provide further supplemental responses to RFAs in Issue as set forth below, the Court overrules plaintiffs' remaining objections thereto.

      1.     Defendants' Motion is granted to the extent it seeks to compel plaintiffs to provide full and complete further supplemental responses without objection, to RFA Nos. 5, 6, 9, 13, 18, 20, 25, 26, 28, 30-32, 34, 35, 40, 41, 44-46, 46, 51-56, 59, 60, 62-76, 88, 89, 93, 95, 97-103, 107-130, 133-36.

      2.     Defendants' Motion is denied with respect to RFA No. 36 as this Court agrees with plaintiffs' contention that responding to this RFA would effectively require plaintiffs to conduct a survey of 401(k) plans sponsored by publicly held companies which does not appear appropriate.

      3.     Defendants' Motion is denied with respect to RFA No. 61 as this Court agrees with plaintiffs' contention that responding to this RFA would effectively require plaintiffs to conduct a survey regarding whether the mutual funds in issue were typically only available to institutional clients which does not appear appropriate.

---

      [2]Indeed, it is at least theoretically possible that plaintiffs' counsel is aware of information acquired from other clients in other cases that would be responsive to discovery requests, but would be covered by the other clients' attorney-client privilege.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-6213 MMM(JCx) | Date | January 24, 2011 |
|---|---|---|---|
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

      4.     Defendants' Motion is denied with respect to RFA Nos. 131 and 132 because the term "normally appropriate" is too vague and ambiguous to enable plaintiffs fairly to admit or deny such requests.

      5.     Defendants' Motion is denied to the extent it seeks sanctions as the Court finds that the circumstances present here would make an award of sanctions unjust.

      6.     Plaintiffs are directed to supply defendants with the further supplemental responses called for by this Order within fourteen (14) days.

      IT IS SO ORDERED.                                      Initials of Deputy Clerk:  kc