UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6213 MMM(JCx) | Date | January 24, 2011 |
|---|---|---|---|
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL (DOCKET NO. 290)**

**I.  SUMMARY**

Pending before this Court is Defendants' Motion to Compel Plaintiffs to Provide Supplemental Responses to Interrogatories 20-24 and Request for Sanctions ("Defendants' Motion").[1]

Pursuant to Fed. R. Civ. P. 78 and Local Rule 7-15, the Court has determined that Defendants' Motion is appropriate for decision without oral argument and has submitted the matter.

Based upon the Court's consideration of the parties' submissions and the applicable law, and as further detailed below, the Court grants in part and denies in part Defendants' Motion.

**II.  DISCUSSION**

Defendants' Motion seeks to compel plaintiffs Gary Grabek, Mark A. Geuder, Dwite Russell and Julie Spicer to provide full and complete supplemental responses, without objection, to defendants' Interrogatory Nos. 20-24 (set two). Defendants also seek monetary sanctions in the amount of $3100, for reasonable expenses and fees incurred by defendants in bringing the instant motion.

**A.  Interrogatory No. 20**

This interrogatory calls for plaintiffs to identify every expert that plaintiffs' counsel has retained in connection with any other fees cases, and to provide details regarding such retention including the date of retention, the subject matter for which the person was retained, whether the person prepared a

---

[1] The parties submitted the following documents in connection with Defendants' Motion: (1) a Joint Stipulation; (2) a declaration of Chris C. Scheithauer with exhibits; and (3) Defendants' Supplemental Memorandum in Support of Defendants' Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6213 MMM(JCx) | Date | January 24, 2011 |
|---|---|---|---|
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

report which was served on the parties or filed with the court, the date of any such report, whether the witness testified in a deposition or trial, and the dates of any such testimony.

Plaintiffs objected to this interrogatory as (a) calling for information protected by the attorney-client privilege and/or the attorney work product doctrine; (b) calling for information not within the possession, custody or control of plaintiff; (c) overbroad and not sufficiently limited in time and scope; (d) prematurely calling for expert discovery; (e) calling for irrelevant information to the extent it seeks discovery on experts unrelated to this case.

Defendants' Motion is denied with respect to this interrogatory. The attorneys are not parties to this action. While information acquired within the scope of plaintiffs' counsel's agency relationship with plaintiffs is imputed to plaintiffs (even if not independently known to plaintiffs), this does not mean that all information known to plaintiffs' counsel – particularly information known to counsel by virtue of the representation of other clients, is imputed to the plaintiffs. Here, it appears to the Court that defendants are seeking information known to plaintiffs' attorneys by virtue of such attorneys' agency relationship with other clients in other actions, not the current plaintiffs. Accordingly, at least plaintiffs' objection that defendants, by this interrogatory, seek information from plaintiffs that is not within plaintiffs' possession, custody or control, is well-taken and is sustained. Defendants' Interrogatory Motion is denied with respect to Interrogatory No. 20.

  **B.**  **Interrogatory No. 21**

This interrogatory calls for plaintiffs, if they contend that any misrepresentations were made to them about the Plans or administrative expenses or investment fees of either of the Plans, to identify the date and substance of such alleged misrepresentation, whether it was communicated verbally or in writing, the person who made the alleged misrepresentation, what plaintiffs contend was the truth (*i.e.*, in what respect was the alleged misrepresentation in accurate), and any documents containing the alleged misrepresentation.

Plaintiffs objected to this interrogatory based upon general objections and as (a) calling for information protected by the attorney work product doctrine; (b) overbroad and not sufficiently limited in time and scope; (c) seeking information that is irrelevant as it seeks information unrelated to the then proposed second amended complaint; and (d) prematurely calling for expert discovery.

At the current juncture in this action, the Court overrules plaintiffs' objections to this interrogatory and grant Defendants' Motion in part as set forth below.

Since the filing of the parties' submissions in connection with Defendants' Interrogatory Motion, it has been established that the operative complaint in this action is Plaintiffs' Revised Consolidated Second Amended Complaint for Breach of Fiduciary Duty (Docket No. 338) ("Operative Complaint"). The Operative Complaint asserts that defendants breached their fiduciary duty to plaintiffs in multiple respects, but does not allege that misrepresentations were made to plaintiffs about the Plans or administrative expenses or investment fees of the Plans. However, the fact that the Operative Complaint is not predicated upon such alleged misrepresentations, neither renders any such misrepresentations irrelevant, nor eliminates the possibility that plaintiffs may seek to introduce any such misrepresentations in support of its breach of fiduciary duty claims. Accordingly, plaintiffs shall either

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6213 MMM(JCx) | Date | January 24, 2011 |
|---|---|---|---|
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

(a) provide defendants with a supplemental response to this interrogatory which affirmatively represents that plaintiffs (i) will not seek to admit any misrepresentations that may have been made to them about the Plans or administrative expenses or investment fees of either of the Plans; and (ii) will not argue in any future submissions to the Court that any such misrepresentations were made to them; or (b) provide defendants with a supplemental response which fully and completely responds to such interrogatory without objection.

      C.      **Interrogatory No. 22**

This interrogatory calls for plaintiffs to identify every administrative expense for the Plans that they allege was unreasonable, including (a) the date of administrative expense, (b) the type of administrative expense, (c) the full amount of the administrative expense and the amount thereof that they allege was unreasonable.

Plaintiffs objected to this interrogatory based upon general objections and as (a) calling for information protected by the attorney work product doctrine; (b) overbroad and not sufficiently limited in time and scope; (c) seeking information that is irrelevant; and (d) prematurely calling for expert discovery. Plaintiffs nonetheless responded substantively by indicating that defendants caused the Plans to pay unreasonable fees and expenses for overall administrative services which were deducted from the Net Asset Value of each Plan investment Option and were used to pay multiple service providers, cross-referencing other documents which explained that the management fees and total expense ratios charged against the Net Asset Value of certain Plan Investment Options were excessive and unreasonable – far in excess of comparable alternatives.

At the current juncture in this action, the Court overrules plaintiffs' objections to this interrogatory and grant Defendants' Motion relative to this interrogatory. Plaintiffs are directed to supply defendants with a supplemental response which fully and completely responds to such interrogatory without cross-reference to other documents and without objection.

      D.      **Interrogatory No. 23**

This interrogatory calls for plaintiffs to identify every investment fee or expense for the Plans that they allege was unreasonable, including (a) the date of the investment fee or expense, (b) the type of investment fee or expense and the amount thereof that plaintiffs allege was unreasonable.

Plaintiffs objected to this interrogatory based upon general objections and as (a) calling for information protected by the attorney work product doctrine; (b) overbroad and not sufficiently limited in time and scope; (c) seeking information that is irrelevant; and (d) prematurely calling for expert discovery. Plaintiffs nonetheless responded substantively by indicating that the investment advisors for certain options identified in other documents were imprudent to the extent they recommended or permitted imprudently selected investment managers in violation of ERISA, and that the fees paid by the Plans to such service providers were excessive and unreasonable in light of the services provided and compared to what was reasonably available in the market place.

At the current juncture in this action, the Court overrules plaintiffs' objections to this interrogatory and grant Defendants' Motion relative to this interrogatory. Plaintiffs are directed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6213 MMM(JCx) | Date | January 24, 2011 |
|---|---|---|---|
| Title | In Re Northrop Grumman Corporation ERISA Litigation | | |

supply defendants with a supplemental response which fully and completely responds to such interrogatory without cross-reference to other documents and without objection.

  **E. Interrogatory No. 24**

  This interrogatory calls for plaintiffs to identify all prohibited transactions precluded by ERISA § 406, 29 U.S.C. § 1106, that they allege defendants caused the Plan to engage in, including the type, date, amount and parties involved in the transactions and any documents evidencing the transaction.

  Plaintiffs objected to this interrogatory based upon general objections and as (a) calling for information protected by the attorney work product doctrine; (b) overbroad and not sufficiently limited in time and scope; (c) seeking information that is irrelevant; and (d) prematurely calling for expert discovery. Plaintiffs nonetheless responded substantively by generally describing the nature of the transactions involved, indicating that they did not then have specific transaction dates, identifying entities involved but noting that it could not then identify every individual involved therein, and describing examples of documents assertedly evidencing such transactions.

  At the current juncture in this action, the Court overrules plaintiffs' objections to this interrogatory and grant Defendants' Motion relative to this interrogatory. Plaintiffs are directed to supply defendants with a supplemental response which fully and completely responds to such interrogatory without cross-reference to other documents (except to the extent requested by the interrogatory) and without objection.

  **F. Sanctions Request**

  Defendants' Motion is denied to the extent it seeks sanctions as the Court finds that the circumstances present here would make an award of sanctions unjust.

**III. Order**

  Plaintiffs are directed to supply defendants with the supplemental responses called for by this Order within fourteen (14) days.

  IT IS SO ORDERED.          Initials of Deputy Clerk: kc