JEROME J. SCHLICHTER (SBN 054513)
jschlichter@uselaws.com
MICHAEL A. WOLFF (admitted *pro hac vice*)
mwolff@uselaws.com
STEPHEN M. HOEPLINGER (admitted *pro hac vice*)
shoeplinger@uselaws.com
KURT C. STRUCKHOFF (admitted *pro hac vice*)
kstruckhoff@uselaws.com
SCHLICHTER, BOGARD & DENTON LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Facsimile: (314) 621-5934
*Class Counsel for All Plaintiffs*

MARY ELLEN SIGNORILLE (admitted *pro hac vice*)
msignorille@aarp.org
AARP Foundation Litigation
601 E Street NW
Washington, DC 20049
Telephone: (202) 434-2060
*Co-Counsel for Plaintiffs*

WILLIAM A. WHITE (SBN 121681)
wwhite@hillfarrer.com
HILL, FARRER & BURRILL LLP
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Facsimile: (213) 620-4840
*Local Counsel for Plaintiffs*

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NORTHROP GRUMMAN CORPORATION ERISA LITIGATION | Master File No. 06-CV-6213 AB (JCx)<br><br>[PROPOSED] **FINAL ORDER AND JUDGMENT**<br><br>DATE: October 23, 2017<br>TIME: 10:00 a.m.<br>Courtroom 7B<br><br>Hon. André Birotte Jr. |

Upon consideration of the Settling Parties' Joint Motion for Final Approval of the Settlement of this action (the "Class Action") in accordance with the terms of a Class Action Settlement Agreement dated June 7, 2017, (the "Settlement Agreement"), the Court hereby orders and adjudges as follows:

1. For purposes of this Final Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2. In accordance with the Court's Orders, and as determined by this Court previously, notice was timely distributed by first-class mail to all members of the Class who could be identified with reasonable effort, and notice was published on the website maintained by Class Counsel. In addition, under the Class Action Fairness Act, 29 U.S.C. §1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Settlement Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

3. The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Federal Rule of Civil Procedure 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the fairness hearing and the rights of all Settlement Class Members have been provided to all people, powers and entities entitled thereto.

4. All requirements of the Class Action Fairness Act, 29 U.S.C. §1711, *et seq.*, have been met.

5. Members of the Settlement Class had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6. Each and every Objection to the settlement is overruled with prejudice.

7. The motion for final approval of the Settlement Agreement is hereby GRANTED, the settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Northrop Grumman Savings Plan and the Northrop Grumman Financial Security and Savings Program (collectively the "Plans") and the Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

8. The operative complaint and all claims asserted therein, whether asserted by Class Representatives on their own behalf or on behalf of the Class, or derivatively to secure relief for the Plans, are hereby dismissed with prejudice and without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

9. The Plans and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors and assigns) on behalf of themselves and the Plans, hereby fully, finally, and forever settle, release, relinquish, waive and discharge Defendants and Released Parties from Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members qualify for a distribution under the terms of the Settlement Agreement, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

10. The Class Members and the Plans acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including an IRS determination letter proceeding, Department of Labor proceeding or proceeding

before a state insurance department or commissioner), any cause of action, demand or claim on the basis of, connected with, arising out of, or substantially related to, any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

11. Class Counsel, the Class Members, or the Plans may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with Defendants, the Plans and the Released Parties or the decision to release, relinquish, waive, and discharge the Released Claims, or might have affected the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member and the Plans hereby fully, finally and forever settled, released, relinquished, waived and discharged any and all Released Claims.

12. No claim asserted or which may be asserted in *Marshall v. Northrop Grumman Corp.*, No. 16-cv-6794 AB (JCx) for actions or omissions that occurred after May 11, 2009, is included in "Released Claims" or is otherwise affected in any way by this Settlement. Nothing in this Settlement Agreement shall be interpreted to foreclose any claims in *Marshall* other than the claims that were asserted or could have been asserted in this Class Action for actions or omissions that occurred before May 11, 2009. Nothing in this Settlement Agreement shall be interpreted to foreclose the defense to *Marshall* that the claims that were asserted or could have been asserted in this Class Action for actions or omissions that occurred before May 11, 2009 have been released by this Settlement Agreement. And nothing in this Settlement Agreement shall be interpreted to limit the defendants in *Marshall* from interposing any defense to any claim currently presented or that may

be presented in the future in *Marshall* other than the defense that the claims in *Marshall* have been released.

13. The Class Members and the Plans hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Members and the Plans with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law of any State or territory of the United States or any foreign country, or any principle of common law, which are similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

14. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Class Members herein under the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce paragraphs 8 through 12 of this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

15. Each member of the Class shall hold harmless Defendants, Defense Counsel, the Released Parties, and the Plans for any claims, liabilities, attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or

Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

16. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant.

17. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

18. With respect to any matters that arise concerning distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan Fiduciary under the applicable law and governing Plan terms. The Plan Fiduciary shall not have any liability with respect to any questions it resolves regarding distributions beyond that provided for in applicable law and governing Plan terms.

19. As specified in Paragraph 6.9 of the Settlement Agreement, following the issuance of all settlement payments to Class Members, the Settlement Administrator shall prepare and provide to Class Counsel, Defense Counsel and the Plan Fiduciary a list of each person who was issued a settlement payment and the amount of such payment.

20. Upon entry of this Order, all Class Members and the Plans shall be bound by the Settlement Agreement and by this Final Order.

**IT IS SO ORDERED.**

DATED: October 24, 2017

André Birotte, Jr.
United States District Court Judge